The opinion of the Court was delivered by
Tilghman,C. J.
It is not denied that the alderman had authority to inquire into this offence, and to commit the prisoner, admit him to bail, or discharge him, as circumstances might require. It is admitted also, that it has long been a general practice to take recognisances for the appearance of the prisoner before the alderman, from time to time, pending the examination. This practice is very much for the ease of persons under accusation, as many days may elapse before their examination is finished. In cases of murder, and other capital offences, where an alderman has no power to admit to bail, there may be some reason for denying him the power of taking a recognisance for appearance before himself. I give no opinion, however, upon such cases. But where he has power to bail, I see not why he may not also suffer the accused to go at large, under recognisance, until the examination is completed. And were it even doubtful, the practice, which is very humane, as well as convenient, would be entitled to great weight. I am, therefore, of opinion that the alderman had power to take the recognisance.
2d. The recognisance was entered in a short memorandum, as usual—the condition is, '■'■for defendant’s appearance, Spc. at my office the 22d inst. at 4 o’clock, P. M.” It was decided by this Court, in the Commonwealth v. Emory, 2 Binn. 431, that a short memorandum of this kind is sufficient ground for drawing up the recognisance in full form. By the words, defendant's appearance, tyc. I understand defendant’s appearance and not departing without leave; there is nothing else to which the Sfc. can reasonably be applied, and that is the usual form of recognisance. When the recognisance is taken, the condition is verbally repeated to the recognisors, by the alderman, at large, and they are asked, if they are content ? The memorandum is but a short statement of what was done. When the ¿Sfc. is inserted, it serves for a memorandum of the usual words, and not depart without leave. To understand it 30, is not to attribute to it more virtue than has been done in *429 many other cases. Lord Coke’s authority may be vouched in support of the meaning ascribed to fyc. I have no doubt, that, in the present instance, it may fairly extend to not de- * , „T i ; i t r ■ • parting without leave. Upon the whole, I am or opinion, that judgment should be entered for the Commonwealth.
Judgment for the Commonwealth.