# Richmond.

## ALLEN v. COMMONWEALTH.

### DECEMBER 7th, 1893.

1. CRIMINAL PROCEEDINGS—*Recognizance—Scire facias.*—Condition of recognizance of one accused of a felony·was for his personal appearance "to answer the charge against him." The language of the *scire facias* on such recognizance was for his personal appearance "to answer as of a felony whereof he stands accused" : *Held,* (1) No form of language being prescribed for a recognizance it is sufficient; (2) the variance between the recognizance and the *scire facias* is immaterial.
2. IDEM—*Appearance and pleading.*—When recognizance provides that the accused shall appear, &c., and "not depart without the leave of the court"; *held,* no defence to *scire facias* that accused appeared and pleaded "not guilty" when he departed without leave of the court

Error to judgment of the judge of the circuit court of Loudoun county refusing a writ of error to a judgment of the county court of said county, rendered at its December term, 1892, in a proceeding in the name of the Commonwealth of Virginia against Benjamin Allen and others on a *scire facias* issued from said county court on a recognizance of bail in a criminal case. Opinion states the case.

*John M. Orr,* for plaintiff in error.

*Attorney-General R. Taylor Scott,* for commonwealth.

HINTON, J., delivered the opinion of the court.

At the April term, 1892, of the county court of Loudoun county, Benjamin Allen, one of the appellants, was indicted along with Benjamin Allen, Jr., for a felonious assault upon one Johnson Furr.

At the September term of said court the said Benjamin Allen "appeared," as the record recites, in obedience to his recognizance and entered into a new recognizance in the sum of $500, with Elizabeth Payne and John Allen, his sureties, in the like sum of $500, conditioned for his personal appearance before the judge of this court on Friday next to answer the charge against him, and not to depart without the leave of the court," &c.

On the said Friday, September 16, 1892, he appeared, pleaded not guilty, the evidence was partly heard, and the case adjourned over to the next morning.

When the jury was brought into court on the 17th day of September, 1892, the prisoner failed to appear; whereupon a *scire facias* issued against the said Benjamin Allen and his sureties, returnable to the first day of the next term of the court.

On the 10th day of October, 1892, this *scire facias* was, on motion of the defendants, quashed, and the *scire facias*, which is assailed in this case, issued.

This *scire facias* is in the usual form, and states the conditions of the recognizance to be " that if the said Benjamin Allen should personally appear before the judge of the county court for the said county, at the court-house thereof on Friday, September 16, 1892, to answer as of a felony, whereof he stands accused, and should not depart without the leave of the said court, then the said recognizance was to be void."

At the December term the defendants demurred to the *scire facias*, pleaded *nul tiel* record, and answered. Each of these contentions having been determined against them, they obtained a writ of error to this court, and urge the same objections here.

Now was the recognizance of September 13, 1892, insufficient and void? We think not. The record would perhaps have been more formal had it stated that the condition of the recognizance was that the defendant, Benjamin Allen, should appear before, &c., "to answer the felony whereof he stands charged," instead of "to answer the charge against him." But the difference is not material. The Code, 1887, sec. 4093, has prescribed no set form of words to be adopted when the parties are recognized in open court, and section 4100 specially enacts that " no action or judgment on a recognizance shall be *defeated or arrested* by any defect in the form of the recognizance if it appears to have been taken by a court or officer authorized to take it and be substantially sufficient. The language of the Code is: "The condition, when it is taken of a person charged with a criminal offence, shall be, that he appear before the court, judge, or justice before whom the proceeding on such charge will be, at such time as may be prescribed by the court or officer taking it, to answer for the offence with which such person is charged  *  *  *  ; and  *  *  *  * shall not depart thence without the leave of the court." Here the language of the order of the court, for in practice the recognizance is not usually written out in full when it is merely a renewal recognizance taken during the term of the court, while certainly general, is sufficiently definite, as it points to the only offence with which the prisoner stood charged. *Archer* v. *Com.*, 10 Gratt., 627; *Bolanz et als.* v. *Com.*, 24 Gratt., 31.

These observations will also dispose of the next assignment of error that there was no such record. The variance between the language of the recognizance and the *scire facias* must be regarded as immaterial.

The third and last assignment of error is the prisoner fulfilled the condition of the recognizance by merely appearing and pleading, and that the recognizance was thenceforth void and of no effect. But this has so often been decided the other

way that it cannot be necessary to do more than to cite some of the adjudged cases where the subject is fully discussed. *Com.* v. *Ross*, 6 Serg. & Rawle, 427; *Dennard & Alexander* v. *State of Georgia*, 2 Ga. Rep., 138; *Com.* v. *Teevens*, 143 Mass., 211; *State* v. *Stout*, 6 Halstead, 133; *Glasgow* v. *State (Kansas)*, 21 Pacific Reporter, 253. The provision in the recognizance that he shall not depart thence without leave of the court is inserted for the express purpose of having the party forthcoming and ready to answer the charge there preferred against him, but any other information that may be exhibited against him before he receives his discharge, and from this liability he cannot discharge himself and his sureties by any mere act of his own.

We see no error in the judgment of the county court of Loudoun, and the same is affirmed.

FAUNTLEROY, J., dissented.

JUDGMENT AFFIRMED.