Statement.

## Wytheville.

94  585
96  575

### Commonwealth v. Fulks & Others.

June 17, 1897.

1. RECOGNIZANCES—*Condition of in criminal cases.*—A recognizance taken by a county court from a principal and sureties with condition that the principal shall "personally appear in this court on the first day of the next term and surrender himself into custody and not depart thence without the leave of this court," is a void recognizance because the condition is not a substantial compliance with sec. 4093 of the Code, which prescribes that "the condition, when it is taken of a person charged with a criminal offence, shall be, that he appear before the court, judge, or justice before whom the proceeding on such charge will be, at such time as may be prescribed by the court or officer taking it, to answer for the offence with which such person is charged."

Error to a judgment of the Circuit Court of Russell county rendered November 18, 1895, affirming a judgment of the County Court of Wise county, rendered June 27, 1894, in a proceeding in said County Court in the name of the Commonwealth of Virginia, against the defendants in error on a *scire facias* issued from the said County Court, on a recognizance of bail in a criminal case.

*Affirmed.*

The contention of the defendants in error was that the recognizance was void because it "no where, not even in the caption, mentioned the offence with which Fulks was charged and which he was bound to answer."

The opinion states the case.

*Attorney-General R. Taylor Scott*, for the Commonwealth.

*T. M. Alderson* and *E. M. Fulton*, for the defendants in error.

KEITH, P., delivered the opinion of the court.

Fulks was indicted in the County Court of Wise county for murder, and at the December term of that court for the year 1893, the following order was entered:

"Commonwealth v. Calve Fulks.

"This day came the Commonwealth, by her attorney, and the prisoner, Calve Fulks, appeared in court in pursuance to his recognizance entered into at the last term, and it appearing to the court that Mrs. Sarah Sayers, a material witness for the Commonwealth in this cause, is prevented from attending this term of the court by sickness, and on motion of the Commonwealth, by her attorney, this cause is continued.

"Whereupon the said Calve Fulks, with John Peery, W. A. Carrico and W. T. Hurd, acknowledged themselves indebted to the Commonwealth, in the just and full sum of $3,000, to be levied of their respective goods and chattels, lands and tenements for the benefit of the Commonwealth, waiving the benefit of their homestead exemptions as to this recognizance, but to be void should the said Calve Fulks personally appear in this court on the first day of the next term and surrender himself into custody and not depart thence without the leave of the court."

At the January term, 1894, Fulks not appearing, his default was entered of record, and on the 2d of February a *scire facias* was sued out directed to the sheriff of Wise county against Fulks, Peery, Carrico, and Hurd, to appear at the February term of the court to show cause why the Commonwealth should not have execution against them in accordance with the terms and conditions of their recognizance, which has

heretofore been set out.    Carrico, Hurd, and Peery appeared, craved oyer of the recognizance, and then demurred to the *scire facias.*   The demurrer was sustained by the County Court of Wise county, and judgment rendered thereon in favor of the defendants.    The Commonwealth applied for a writ of error to the Circuit Court of Wise county, which was allowed.    The case was subsequently transferred to the Circuit Court of Russell county, and that court, at its November term, 1895, rendered a judgment affirming the judgment of the County Court of Wise county, and thereupon the writ of error now before us was awarded by this court.

We are of opinion that there was no error in the judgment complained of.    Section 4093 of the Code, speaking of the recognizance, provides, among other things, that ''the condition, when it is taken of a person charged with a criminal offence shall be, that he appear before the court, judge, or justice before whom the proceeding on such charge will be, at such time as may be prescribed by the court or officer taking it, to answer for the offence with which such person is charged.''    The condition thus prescribed by the statute is omitted from the recognizance now in judgment.    It is true that section 4100 declares that ''no action or judgment on a recognizance shall be defeated or arrested by reason of any defect in the form of recognizance, if it appear to have been taken by a court or officer authorized to take it, and be substantially sufficient.''    It does appear in this case that the recognizance was taken by proper authority, but it cannot be said to be substantially sufficient when it wholly omits the condition prescribed by the statute.

In *Allen* v. *Commonwealth*, 90 Va. 356, the condition of the recognizance was for the appearance of the prisoner ''to answer the charge against him, and not depart without the leave of the court.''    The sufficiency of the recognizance was gravely questioned in that case, but was, as we think,

properly sustained by the court, which thought the bond sub-
stantially sufficient.    In that case the condition was almost,
if not quite, in the terms of the statute.

We are of opinion that the judgment complained of should
be affirmed.

*Affirmed.*