## Richmond.

### CANNON v. COMMONWEALTH.

JANUARY 12, 1899.

Absent, Riely, J.

1. CRIMINAL LAW—*Recognizance—Uncertainty—Sec. 4093 of Code.*—A recognizance in a criminal case with condition to appear before the court on the first day of its next term, and "not depart without the leave thereof, to answer the judgment of this court," is not in compliance with sec. 4093 of the Code, and is void for uncertainty.

2. CRIMINAL LAW—*Recognizance—Essentials Of.*—A recognizance should show on its face that the condition it contains is to do some act, for the performance of which such an obligation may be properly taken, and that the court or officer before whom it is taken has authority to act in cases of that general character.

3. PLEADING—*Scire Facias on a Forfeited Recognizance—Demurrer.*—Upon a demurrer to a *scire facias* sued out on a forfeited recognizance, the entry of default cannot be looked to in aid of the recognizance. The recognizance must stand alone upon a demurrer.

Error to a judgment of the Corporation Court of the city of Norfolk rendered May 6, 1898, on a *scire facias* sued out by the Commonwealth against the plaintiff in error and another.

*Reversed.*

The opinion states the case.

*Burroughs & Bro., R. Carter Scott,* and *H. G. Buchanan,* for the plaintiff in error.

*Attorney-General A. J. Montague,* for the Commonwealth.

CARDWELL, J., delivered the opinion of the court.

At the November term, 1897, of the Corporation Court of the city of Norfolk, Joseph P. Cannon was convicted of a misdemeanor, and adjudged to pay a fine of $1,000, and to confinement of one year in jail, and afterwards until payment of the fine and costs. In order that Cannon might apply to this court for a writ of error, the court below postponed execution of the judgment to its January term, 1898, and admitted Cannon to bail for his appearance on the first day of the January term, the following order being then entered:

"In the Corporation Court of the city of Norfolk, on Saturday, the 13th day of December, 1897.

"On motion of Joseph P. Cannon, it is considered that he be let to bail. Whereupon, the said Joseph P. Cannon and Joseph Cannon, his surety, who justified his sufficiency on oath, acknowledged themselves to be indebted to the Commonweath of Virginia in the sum of $5,000, of their respective goods and chattels, lands and tenements, to be levied, and to the use of the Commonwealth rendered; and they respectively waived their homestead exemptions as to this obligation, and also any claim or right to discharge any liability arising hereunder with coupons detached from the bonds of this State. Yet, upon condition that if the said Joseph P. Cannon shall appear before this court on the first day of its January term, 1898, and shall not depart without leave thereof, to answer the judgment of this court, this recognizance to be void, otherwise to remain in full force and virtue."

At the January term, Joseph P. Cannon not appearing, his default was entered of record, and on the 7th day of February, 1898, an order was entered directing a *scire facias* to issue on the recognizance. On the return of the *scire facias* Joseph P. Cannon and Joseph Cannon, his surety, appeared by counsel, craved oyer of the recognizance, and demurred to the *scire facias*. Joseph P. Cannon offered a plea of infancy, and Joseph Cannon a plea in bar, claiming that the recognizance being void as to the infant, the surety was not bound.

On the 6th of May, 1898, the court overruled the demurrer, and rejected each of the pleas, and entered judgment against Joseph P. Cannon and Joseph Cannon; and thereupon the writ of error now before us was awarded by this court.

The only question that we need to consider is raised by the demurrer, and that is, whether the recognizance is void or not.

Sec. 4092, Code of Virginia, provides that a court or judge letting a person to bail shall require a recognizance to be given.

Sec. 4093 provides: "Every recognizance under this chapter, or under chapter 191, and chapters following, to 199 inclusive," shall be taken as provided by this section.

Sec. 4051, after providing for a stay of execution of a sentence of a court where a person is convicted of an offence punishable by death or confinement in the penitentiary, in order that such person may apply to this court for a writ of error, provides that "in any other criminal case, wherein judgment is given by any court, and in any case of judgment for contempt, to which a writ of error lies, the court giving such judgment may postpone the execution thereof for such time and on such terms as it deems proper."

This is the second section of chapter 198 of the Code, and is the only section in that chapter, and the only statute, under which, by any possible construction, a recognizance can be taken. Therefore, a recognizance taken under this section must substantially comply with the conditions of sec. 4093.

Keith, P., in *Commonwealth* v. *Fulks*, 94 Va. 587, says: "Sec. 4093 of the Code, speaking of the recognizance, provides, among other things, that 'the condition when it is taken of a person charged with a criminal offence shall be that he appear before the court, judge, or justice before whom the proceeding on such charge will be, at such time as may be prescribed by the court or officer taking it, to answer for the offence with which such person is charged.' "

The condition of the recognizance in that case was that Fulks should personally appear in the County Court of Wise county on the first day of the next term, and surrender himself

into custody, and not depart thence without the leave of court, and this was held to be not a substantial compliance with the requirement of sec. 4093 of the Code, and the recognizance therefore void.

In the case of *Bias* v. *Floyd, Governor,* 7 Leigh 640, the court was of the opinion that the recognizance binding Bias to appear at the Superior Court, *then and there to do and receive what should be enjoined upon him by the said court,* was too general, and the recognizance void, as the justice of the peace taking the recognizance had no right to bind the party in the recognizance to do more than to answer the particular charges of which he was accused.

" Then and there to do and receive what should be enjoined upon him by the said court," means no more, no less, than " to answer the judgment of this court."

The recognizance in question does not show that the condition it contains is the performance of an act for which an obligation can be properly taken, and is silent as to any charge of a criminal offence. The condition could not have been drawn in more general and indefinite terms, and cannot be construed so as to give it any definite meaning, or to show what the court was attempting to oblige the cognizors to do.

When a recognizance is taken, it should show on its face that the condition it contains is to do some act, for the performance of which, such an obligation may be properly taken, and that the court or officer before whom it is taken has authority to act in cases of that general character. *Archer* v. *Commonwealth,* 10 Gratt. p. 638.

Upon the demurrer there is nothing before the court but the *scire facias* and the recognizance. The entry of default cannot be looked to in aid of the recognizance, as its validity must be considered standing alone upon the demurrer. *Wood* v. *Commonwealth,* 4 Rand. 329.

We are of opinion that the judgment complained of must be reversed and annulled, and a judgment entered here for the plaintiffs in error on their demurrer.

*Reversed.*