# CRIMINAL CASES.

## Staunton.

### Leslie Alls and H. J. Alls v. Commonwealth.

September 22, 1921.

Absent, Burks, J.

1.  Bail and Recognizance—*Scire Facias—Purpose and Sufficiency of Writ of Scire Facias—Variance Between Scire Facias and Recognizance.*—The purpose of the writ of *scire facias* to forfeit a recognizance is merely to give notice to the defendant of an application for award of execution upon the recognizance, to enable him to show cause, if any he can, why the recognizance should not be forfeited. If the terms of the *scire facias* are definite enough to so designate the recognizance as to unmistakably identify it as the recognizance upon which execution will be asked, the *scire facias* is sufficient. In such case a variance between the language of the *scire facias* and that of the recognizance is immaterial, and the validity of the judgment and execution will depend upon the validity of the recognizance itself.

2.  Bail and Recognizance—*Sufficiency of Scire Facias—Condition of the Recognizance.*—It is immaterial that a *scire facias* does not correctly recite all of the conditions of the recognizance; if it otherwise identifies the recognizance, it speaks for itself.

3.  Bail and Recognizance—*Sufficiency of Recognizance—Recognizance to Appear Before Judge.*—A recognizance is not invalid because it required defendant in a prosecution for violation of the prohibition law to appear not before the court or any court, but only before the judge of the court, and, in the instant case, it appearing that the recognizance was "taken by a court, or officer, authorized to take it," the recognizance was certainly "substantially sufficient" within section 4981 of the Code of 1919.

4. BAIL AND RECOGNIZANCE—*Place of Appearance—Court or Judge.*
—Section 4973 of the Code of 1919 does not require the place of
the appearance to be stated in the recognizance, and the lan-
guage is such that it is immaterial whether the recognizance re-
quires the appearance to be before the court or judge.

5. BAIL AND RECOGNIZANCE—*Sufficiency of Recognizance—Offense
Charged.*—A recognizance was conditioned that defendant
should appear and answer said indictment.

   *Held:* That this was equivalent to the statutory requirement that
   the condition of the recognizance should be that the defendant
   who is let to bail shall appear and answer for the offense with
   which he is charged, the caption of the order of court in which
   the form of the recognizance appears being "violation of the
   prohibition law."

6. BAIL AND RECOGNIZANCE—*Sufficiency of Recognizance—Offense
Charged—Order of Court—Caption—Caption as Part of the
Record.*—In the instant case, the caption of the order of court
in which the form of the recognizance appears, while not a part
of the order, is a part of the record of the court below. Hence
the caption and order of court must be read together, and when
so read it plainly appears that the condition of the recognizance
was for the appearance of the defendant to answer the indict-
ment against him in the case of the Commonwealth against him
for violation of the prohibition law. This identifies the indict-
ment referred to and unmistakably designates the offense for
which the defendant was required to answer.

Error to a judgment of the Circuit Court of Montgomery
county on a *scire facias.* Judgment for the Commonwealth.
Defendants assign error.

*Affirmed.*

On October 6, 1920, the following order was entered in
this case, to-wit:

"Commonwealth of Virginia

   v.                    Violation of the Prohibition Law.

Leslie Alls.

"This day came the attorney for the Commonwealth, and
the defendant, Leslie Alls, who stands indicted for a misde-

meanor returned by the grand jury at this term of court, on being solemnly called, came not; whereupon the attorney for the Commonwealth moved for a forfeiture of the defendants' recognizance executed and given for his appearance on this day, which motion is docketed; and it is ordered that a *scire facias* be issued by the clerk, directed to the sheriff of the county, against the surety, H. J. Alls, returnable on the first day of the next term of this court, to show cause, if any he can, why said recognizance should not be forfeited and a judgment entered against said surety for the amount thereof."

Accordingly, on October 8, 1920, the following *scire facias* issued:

"Whereas, on the 2nd day of October, 1920, Leslie Alls and H. J. Alls personally appeared before the judge of the Circuit Court of Montgomery county, Virginia, and acknowledged themselves indebted to the Commonwealth of Virginia, the said Leslie Alls in the sum of $500.00, and the said H. J. Alls in the like sum of $500.00, of their respective goods and chattels, lands and tenements to be levied, and to the said Commonwealth rendered; yet upon condition, that if the said Leslie Alls should personally appear before the judge of our circuit court for said county, on the first day of October, 1920, for violation of the prohibition laws of this State (laws 1918, c. 388), and should not depart thence without the leave of the said court, then the said recognizance was to be void; and,

"Whereas, the said Leslie Alls has failed to make his personal appearance before the judge of our said court, at the time and place aforesaid, according to the condition of said recognizance as appears of record;

"Therefore, we command you, that you make known to the said Leslie Alls and H. J. Alls that they do be before the judge of our said circuit court, on the first day of the December term, 1920, to show cause, if any they can, why

said Commonwealth, execution against them the said Leslie Alls and H. J. Alls, of the several sums of money aforesaid, ought not to have, if to us it shall seem expedient; and further to do and receive what our said judge then and there of them in this part shall consider.

"And have then and there this writ.

"Witness, Archer P. Johnson, clerk of our said court, at the courthouse, on the 8th day of October, 1920, and in the 145 year of the Commonwealth.

"Archer P. Johnson,<br>"Clerk."

The defendants, the appellants, demurred to the *scire facias* on the grounds that it shows on its face that the recognizance taken in the case did not require the defendant, Leslie Alls (a) to appear before the court or any court, or (b) "to answer for the offense with which such person is charged," as required by section 4973 of the Code; and also on the ground that the recognizance imposed no legal liability upon the defendants because it is not sufficiently definite so as to point to and designate the offense for which the defendant, Leslie Alls, was required thereby to answer.

The recognizance appears from the order of court entered October 2, 1920, which, together with its caption, is in the record before us as follows:

"Commonwealth of Virginia

v.                      Violation of the Prohibition Law.

Leslie Alls.

"This day came the attorney for the Commonwealth, and the defendant, Leslie Alls, was led to the bar in the custody of the sheriff. And this case is continued until the 6th day of October, 1920. Whereupon the said Leslie Alls and H. J.

Alls, his surety, entered into a recognizance in the penalty of $500.00, to be levied of their respective lands and tenements, goods and chattels, and unto the Commonwealth to be rendered; yet upon the condition that if the said Leslie Alls shall make his appearance before the judge of this court on the 6th day of October, 1920, to answer said indictment, and not to depart thence without leave of our said judge, and be of good behaviour towards all citizens of this Commonwealth, and not violate any of the provisions of chapter 388 of the Acts of 1918, then this recognizance to be null and void; otherwise to remain in full force and effect."

On the return day of the *scire facias,* December 1, 1920, the court overruled the demurrer aforesaid to the *scire facias,* and, on motion of the attorney for the Commonwealth, entered judgment upon the recognizance against the defendants. It is of this action of the trial court that the defendants complain.

*V. M. Sowder* and *R. L. Jordan,* for the plaintiff in error.

*John R. Saunders, Attorney General; J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

1.   Was the *scire facias* invalid on demurrer thereto, because it failed to show on its face that the recognizance was in legal form?

This question must be answered in the negative.

[1] As held in *Bolanz, et al.,* v. *Commonwealth,* 24 Gratt. (65 Va.) 31, the purpose of the writ of *scire facias* is merely to give notice to the defendant of an application for award of execution upon the recognizance, to enable him to show

cause, if any he can, why the recognizance should not be forfeited. If the terms of the *scire facias* are definite enough to so designate the recognizance as to unmistakably identify it as the recognizance upon which execution will be asked, the *scire facias* is sufficient. In such case a variance between the language of the *scire facias* and that of the recognizance is immaterial, and the validity of the judgment and execution will depend upon the validity of the recognizance itself. *Allen's Case,* 90 Va. 356, 18 S. E. 437; *Fulks' Case,* 94 Va. 585, 27 S. E. 498; *Bolanz* v. *Commonwealth, supra.*

In the instant case the *scire facias* gave the defendants unmistakable notice of the particular recognizance upon which execution would be asked, namely, the recognizance which the defendants had entered into on October 2, 1920, in the case of *Commonwealth* v. *Leslie Alls,* in which the latter had been indicted on October 1, 1920, in the Circuit Court of Montgomery county, Virginia, for violating the prohibition laws of the State, which recognizance was in the penalty of $500 as to each of the defendants, and upon condition that the said Leslie Alls should personally appear before the judge of said court on the 6th of October, 1920, etc.

[2] It is true that the *scire facias* does not correctly recite all of the conditions of the recognizance. But that, as aforesaid, is immaterial, since it otherwise identifies the recognizance, which speaks for itself. Indeed, in the second "whereas" clause of the *scire facias,* "the condition of the recognizance as appears of record" is expressly referred to.

[3, 4] 2. Was the recognizance itself invalid (a) because it did not require the defendant, Leslie Alls, to appear before the court or any court, but only before the judge of the court, or (b) because the language therein, "to answer said indictment," was not sufficiently definite to point to and identify the indictment, and hence is not equivalent to the

statutory requirement that the condition of the recognizance shall be that the defendant who is let to bail shall appear "to answer for the offense with which such person is charged."

The whole question must be answered in the negative.

(a) As to the appearance of the defendant who is let to bail, which a recognizance should require, this should be said:

Section 4973 of the Code of 1919 provides as follows: "The condition, when it is taken of a person charged with a criminal offense, shall be that he appear before the court, judge, or justice, before whom the proceedings on such charge will be, at such time as may be prescribed by the court, or officer, taking it, to answer for the offense with which such person is charged."

Further:

Section 4981 of the Code of 1919 provides as follows: *"Defects in form of recognizance not to defeat action or judgment.* No action or judgment on a recognizance shall be defeated or arrested by reason of any defect in the form of the recognizance, if it appear to have been taken by a court, or officer, authorized to take it and be substantially sufficient."

It will be observed that the statute, section 4973 of the Code, does not require the place of the appearance to be stated in the recognizance, and the language of the statute is such that it is immaterial whether the recognizance requires the appearance to be before "the court, or judge * * * * before whom the proceedings on (the) charge will be." And, it appearing in the case before us that the recognizance was "taken by a court, or officer, authorized to take it," the recognizance was certainly "substantially sufficient" in the particular now under consideration, namely, in its condition that the defendant, Leslie Alls, "shall make his personal appearance before the judge of

this court," etc., and hence the recognizance is valid under the statute in so far as such particular is concerned.

[5] (b) As to whether the language of the recognizance "to answer said indictment" is equivalent to the statutory requirement that the condition of the recognizance shall be that the defendant who is let to bail shall appear "to answer for the offense with which such person is charged," this should be said:

It is well settled that by the statute, section 4973 of the Code, no particular form of language is prescribed for a recognizance in the particular now under consideration. If the language used in the recognizance is sufficiently definite to point out the offense with which the defendant who is let to bail is charged, it is a compliance with the statute. *Allen's Case,* 90 Va. 356, 18 S. E. 437; *Bolanz* v. *Commonwealth, supra.*

In *Allen's Case* the condition of the recognizance, as it appeared in the order of the court, was for the appearance of the defendant let to bail "to answer the charge against him." The court held that "* * * the language * * * is sufficiently definite, as it points out the only offense with which the prisoner stood charged." See 90 Va., at p. 358, 18 S. E. at p. 438.

[6] In the case before us, the caption of the order of the court in which the form of the recognizance appears, while not a part of the order itself, is a part of the record of the court below and before us. *Robinson* v. *Commonwealth,* 88 Va. 900, 14 S. E. 627. Hence, they must be read along with each other. When the order of court is read along with its caption, it plainly appears that the condition of the recognizance was for the appearance of the defendant, Leslie Alls, to answer the indictment against him in the case of the Commonwealth against him for violation of the prohibition law. This identifies the indictment referred to and fixes it as a single indictment in that particular case. Hence, it points

out, identifies and designates unmistakably the offense for which such defendant was required to answer.

The judgment under review will be affirmed.

*Affirmed.*