# �export𝔦chmond.

## COMMONWEALTH OF VIRGINIA v. JOHN SPRINGER, JR.

### January 29, 1924.

BAIL AND RECOGNIZANCE—*Recognizance—Description of Offense—Case at Bar.*—In the instant case appellee entered into a recognizance conditioned that he should deliver himself to the custody of the court at a certain date and not depart without leave of the court. The recognizance contained no description of the crime with which appellee was charged, but at the same time appellee executed another paper providing for the withdrawal of a cash deposit to pay the recognizance and the costs of proceedings against him on the charge of the transportation of liquor.

    *Held:* That this paper charged appellee with notice that the recognizance bound him to appear to answer a charge of transporting liquor, and therefore the recognizance was not void as failing to describe the offense.

Error to a judgment of the Circuit Court of Spotsylvania county.

*Reversed.*

The opinion states the case.

*S. P. Powell, D. V. M. Powell, John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

*W. W. Butzner* and *Wm. K. Goolrick,* for the defendant in error.

PER CURIAM.

The record before us is as follows:

On the 2nd day of October, 1922, the lower court entered the following order:

"This day came the attorney for the Commonwealth and John Springer, Jr., the defendant herein, having been heretofore bailed by P. C. Goodloe, a justice of the peace of this county, in the sum of $500.00 for his appearance before this court on the first day of the October term hereof, being Monday, October 2, 1922, at 10 o'clock A. M., to answer any indictment that might be returned against him by a regular grand jury of this county for a violation of the prohibition laws of this Commonwealth; and the defendant having deposited in the hands of the attorney for the Commonwealth of this county $500.00 as security for his said appearance, as aforesaid, and the said defendant being this day solemnly called as prescribed by law, but came not; whereupon it is considered by the court that the recognizance heretofore entered into be, and the same is hereby, declared forfeited to the Commonwealth of Virginia."

On October 16, 1922, the following order was entered:

"John Springer, Jr., who having been duly recognized under a recognizance in a justice's court for his appearance before this court to answer an indictment for a violation of the prohibition laws of this Commonwealth, and being solemnly called, came not; and thereupon it is considered by the court that the said recognizance be, and the same is hereby, declared forfeited to the Commonwealth, and it is ordered that John Springer, Jr., do appear before this court on the 31st day of October, 1922, to show cause, if any he can, why the Commonwealth of Virginia should not have a *fieri facias* commanding that the sum of $500.00, the amount of said forfeited recognizance, should not be made out of the goods and chattels of the said John Springer, Jr."

On April 27, 1923, the defendant, Springer, appeared specially, craved oyer of the recognizance, moved to quash the same, and at the same time demurred thereto.

It further appears from the record that on the 12th day of August, 1922, John W. Springer, Jr., and George Wade, of the city of Cleveland, Ohio, entered into an alleged recognizance before P. C. Goodloe, a justice of the peace, in the manner and form following, to-wit:

"The said John Springer, Jr., in the sum of five hundred dollars, to be respectively made and levied of their several goods and chattels, lands and tenements, to the use of the Commonwealth of Virginia, if the said John Springer, Jr., shall make default in the performance of the condition underwritten.

"The condition of the above recognizance is such, that if the above bound John Springer, Jr., shall deliver himself to the custody of the circuit court of Spotsylvania county, Va., at its October term, 1922, on October 2nd, at 11 A. M., and not depart without leave of court, then the above recognizance shall be void, else to remain in full force and virtue."

On April 27, 1923, the court entered the following order:

"This day came the Commonwealth by her attorney, S. P. Powell, and it appearing that on October 2, 1922, an order having been entered declaring the recognizance therein referred to forfeited, and on October 16, 1922, an order having been passed and *scire facias* having been awarded and issued directing the said John Springer, Jr., to appear before this court on the 31st day of October, 1922, to show cause, if any he can, why the Commonwealth of Virginia should not have a *fieri facias* commanding that the sum of $500.00, the amount of the said forfeited recognizance, should not be made out of the goods and chattels of the said John Springer, Jr.,

and on October 31, 1922, John Springer, Jr., having specially appeared by counsel and craved oyer of the recognizance and moved to quash the same, together with the *scire facias*, and likewise demurred to the *scire facias* and recognizance and upon the joinder of the Commonwealth in the demurrer and the Commonwealth's attorney asked the court to consider other papers in this case marked Exhibit 'D,' to which the defendant objected and opposed; and the court having taken the same under advisement, and the court being of the opinion that the said recognizance is not in compliance with the law and is void for uncertainty, and even upon considering said exhibits requested to be filed by the Commonwealth, reached the same conclusion; and the court doth sustain said motion to quash said demurrer, and doth declare said recognizance and all proceedings thereon as of no force and effect and doth discharge and release said principal and surety on said recognizance from all liability thereon.

"And the sum of $500.00 in cash having been left with S. P. Powell, attorney for the Commonwealth, in this matter, he is ordered to deliver the same to W. K. Goolrick and W. W. Butzner, attorneys for the said John Springer, Jr.

"Execution of this order is suspended for sixty days in event the Commonwealth may desire to apply for an appeal."

The following paper was contained in Exhibit "D" referred to in the order last above quoted, to-wit:

"To Commercial State Bank, Fredericksburg, Va.

"In event I do not appear at Spotsylvania Courthouse on October 2, 1922, Va., in accordance with my bond this day executed before P. C. Goodloe, then I authorize S. P. Powell, Commonwealth Attorney, to

withdraw the money this day deposited to his credit and pay said bond and the cost of this proceeding against me on the charge of transportation of liquor through Spotsylvania in a Winton Six automobile, to which charge we plead not guilty.

"Given under my hand this twelfth day of August, 1922.

"JOHN SPRINGER, JR."

It may be stated in this connection, that the judge of the lower court declined to sign a bill of exceptions setting forth the above paper signed by John Springer, Jr., but, as will be noted, it is identified and treated as a part of the record by the court's order of April 11, 1923.

This writ of error was awarded to the Commonwealth for the purpose of having this court review the action of the lower court in quashing the recogniz ance, and we are of opinion that the judgment complained of is erroneous.

The ground upon which the defendant in error seeks to uphold the judgment is, that the recognizance fails to describe the offense with which he was charged, and in support of this contention we are referred to the cases of *Commonwealth* v. *Fulks*, 94 Va. 585, 27 S. E. 498, and *Cannon* v. *Commonwealth*, 96 Va. 573, 32 S. E. 33, in which this court held that the recognizance involved was void for substantially the same reason as that which is here invoked.

Whatever effect we might ascribe to the cases cited if the case in hand involved a surety, instead of involving, as it does, merely the principal in the recognizance, we are unwilling to carry the decisions in those cases far enough to hold that under the circumstances appearing in the record before us the defendant can be heard to question the validity of the recognizance.

The paper signed by Springer contemporaneously with the taking of the recognizance must, so far as he is concerned, be treated, to all intents and purposes, as being a part of the recognizance, or, if this be not an accurate statement, then it is certain that the paper in question charges him with notice that the recognizance which he gave obligated him to appear before the circuit court of Spotsylvania county on the 2nd day of October, 1922, to answer a charge of transporting liquor. The justice of the peace was authorized by the prohibition law (Laws 1918, c. 388), section 23, to take the recognizance, and the fact that there is no provision of law in this State for a deposit of cash in lieu of or as collateral security for such recognizance is immaterial. The important and decisive point is that he gave a recognizance which he has acknowledged he knew bound him to appear before the court on a certain day to answer a certain charge. If it be conceded that the money belongs to him, an execution will make it legally available to the Commonwealth.

If we could find no authority for the conclusion which we have reached in this case, our decision would nevertheless be the same. We feel that there can be no substantial reason for adopting the narrow and technical application of the *Fulks* and *Cannon Cases, supra,* which we would have to adopt if we were to apply their doctrine to the instant case. We are, however, not without authority for this decision. In the case of *Moss* v. *Summit County,* 60 Utah 252, 208 Pac. 507, 26 A. L. R. 206, bail was fixed which was unauthorized and illegal, but it was held that by voluntarily entering into the arrangement the accused had waived whatever illegality existed in the transaction, and could not attack the validity of the proceeding. The case cited is not entirely analogous to this case, but the essential principle in-

volved is the same, and the opinion of the court in that case abounds in citations of other decisions from various courts of this country to the same effect.

For the reasons stated, the judgment complained of will be reversed and annulled, and the cause remanded to the lower court for further proceedings to be had not in conflict with the views herein expressed.

*Reversed.*