# Richmond.

## WALKER v. COMMONWEALTH.

January 14, 1926.

1. APPEAL AND ERROR—*Reversal where Parties have had Fair Trial—Section 6331 of the Code of 1919.*—Section 6331 of the Code of 1919 puts a limitation on the power of the appellate court to reverse the judgment of the trial·court. This limitation must be considered on every application for an appeal or writ of error and on the hearing of every case submitted to the appellate court. The first question presented to the appellate court for consideration is, has the plaintiff in error or appellant had a fair trial on the merits of his case and has substantial justice been reached. If he has, the judgment cannot be reversed.

2. BAIL AND RECOGNIZANCE—*Scire Facias—Plea of Non Est Factum—Plea of Nul Teil Record.*—The plea of *non est factum* is inapplicable to proceedings by *scire facias* on a recognizance; and the plea of *nul teil record* puts in issue nothing but the existence of the record recited in the *scire facias*.

3. BAIL AND RECOGNIZANCE—*"Action or Judgment" Includes Scire Facias—Section 4981 of the Code of 1919.*—Section 4981 of the Code of 1919 declares that "no action or judgment on a recognizance shall be defeated or arrested by reason of any defect in the form of the recognizance," etc.

   *Held:* That the words "action or judgment" as used in this section are broad enough to include a proceeding by *scire facias*. The award of execution on a recognizance is commonly spoken of as a judgment on a *scire facias*.

4. BAIL AND RECOGNIZANCE—*Scire Facias—Notice—Scire Facias, Warrant and Endorsements Thereon to be Read Together—Case at Bar.*—In the instant case the *scire facias* on a recognizance recited the warrant and the recognizance taken by the justice, which was endorsed on the warrant. In looking to the information given to defendants by the *scire facias*, the warrant and the endorsements thereon should be read in connection with *scire facias*.

5. SCIRE FACIAS—*Plea of Nul Tiel Record—Record Sufficient—Case at Bar.*—Where the *scire facias*, the warrant and the endorsements on the warrant recited in the *scire facias* notified defendants that one of them had been arrested in Brunswick county for specified viola-

tions of the prohibition law; that he had been brought before a justice of peace who had power to bail him; that he had waived defense; that the justice had admitted him to bail in a certain sum; that he was to appear on the first day of the October term of the Circuit Court of Brunswick county to answer a charge to be preferred by the grand jury if they should make one; that the other defendant became his surety; that the accused had failed to make appearance, and that his default had been duly recorded.

*Held:* That these facts were a sufficient answer to a plea of *nul tiel record.* In other words, the record was sufficient to support the *scire facias.*

6. BAIL AND RECOGNIZANCE—*Time and Place of Appearance—Case at Bar.*— In *scire facias* on a recognizance the warrant showed on its face that it was issued and the hearing was had in Brunswick county, and when the recognizance stated that the same was to go to the grand jury on the first day of the October term, it meant, of course, of Brunswick county. The time for the appearance was definitely fixed.

7. BAIL AND RECOGNIZANCE—*Definition—Record as Evidence.*—A recognizance is a debt evidenced by a record. All recognizances are in the first instance by parol, and the record is simply the evidence of it. But it is the sole evidence. The acknowledgment of the indebtedness, however, is the recognizance.

8. RECORDS—*Record Imports Verity.*—In a court of record what the court does it does of record, and what the record does not show was done was not done. The record imports such absolute verity that no evidence will be received to add to it or subtract from it, except under statutory permission. This rule, however, does not apply in all its strictness to a court not of record.

9. BAIL AND RECOGNIZANCE—*Recognizance a Debt of Record—Scire Facias—General Issue—Existence of the Record—Evidence.*—A recognizance, when duly evidenced, is a debt of record upon which an award of execution may be had in a proceeding by a writ of *scire facias.* The general issue in such a proceeding is *nul tiel record* in which the plaintiff has the burden of proof. The sole question involved on such issue is the existence of the record alleged in the *scire facias.* The record itself is the only evidence receivable to prove its contents, and the issue is to be tried by the court upon an inspection of the record.

10. BAIL AND RECOGNIZANCE—*Scire Facias a Mere Rule Against the Obligors.*—A *scire facias* upon a recognizance, after reciting the recognizance and default of appearance of the principal obligor, is a mere rule against the obligors "to show, if anything for themselves they have to say, why the said Commonwealth may not have, for its own use, execution" against them for the amount stated in the recognizance.

# 650 WALKER v. COMMONWEALTH, 144 VA. 648.

11. SCIRE FACIAS—*Recitals—Copy Filed Among the Records.*—A *scire facias* on a recognizance need not allege that the recognizance sued on, or a copy, remained filed among the records of the court.

12. BAIL AND RECOGNIZANCE—*Scire Facias—Plea of Nul Tiel Record—Fraud in the Procurement of the Record—Case at Bar.*—In the instant case no question was raised as to the jurisdiction of the justice to take the recognizance, and no plea put in issue any fact except the existence of the record of the recognizance declared on. If there was fraud in the procurement of the record, that question could not be raised by the plea of *nul tiel record.*

13. BAIL AND RECOGNIZANCE—*Court of the Justice of the Peace not a Court of Record—Amendment of Recognizance—Case at Bar.*—The court of a justice of the peace is not a court of record. When a justice takes a recognizance, he usually makes a brief memorandum of it, as was done in the instant case, and, in a reasonable time thereafter, if the memorandum is not sufficiently specific he should make a fuller memorandum and return it to the clerk's office as prescribed by section 4977 of the Code of 1919. If it is "substantially sufficient" it is protected by section 4981 of the Code. If it is not substantially sufficient, and the justice can with the aid of his memorandum amend it so as to make it so, he should be permitted to do it.

14. AMENDMENTS—*Liberality.*—The Virginia statutes and practice, in the matter of allowing amendments, are extremely liberal.

15. BAIL AND RECOGNIZANCE—*Justice of the Peace—Amendment of Recognizance.*—Justices of the peace are not learned in the law, and while they may be presumed to know the requisites of a recognizance, which are prescribed by section 4973 of the Code, they may and do make mistakes in the language used in the forms of their returns, and not to allow an amendment thereof in conformity with the facts would produce intolerable results.

16. BAIL AND RECOGNIZANCE—*Justice of the Peace—Amendment of Recognizance—At what State of the Proceeding—Examination of the Magistrate—Amended Return Part of the Record.*—In what stage of the proceeding an amendment of a return of a recognizance by a justice of the peace should be permitted rests largely in the discretion of the trial court, and to ascertain whether or not the proposed amendment conforms to the facts the trial court may examine the justice under oath, subject to cross-examination by the party to be affected by the amendment. The amended return when made becomes a part of the records of the court permitting the amendment.

17. BAIL AND RECOGNIZANCE—*Amendment of Justice's Return—Default Recorded on the Original.*—Where the amended return of a recognizance was fuller than the original return, but not inconsistent with it, it is immaterial that the default was recorded on the original and not the amended return.

18. BAIL AND RECOGNIZANCE—*Court from Which Scire Facias Issues—*

*Amended Return.*—A *scire facias* can only issue from the court in which the recognizance is recorded and that recognizance must be complete in itself, but where an amended return is made, it becomes a part of the record and if it is complete in itself, the writ may issue.

19. BAIL AND RECOGNIZANCE—*Scire Facias—Action on Recognizance.*—The rights of the parties are the same whether a proceeding on a recognizance is by *scire facias* or by action, though the form of the plea may be different.

20. BAIL AND RECOGNIZANCE—*Parol Evidence—Amended Return—Case at Bar.*—While a recognizance cannot be proved or amended by parol testimony, what was offered in the instant case was an amended return of the justice in writing, and the object of the parol evidence was simply to satisfy the trial court that the amendment offered contained the facts and that the tender was made in good faith, and such evidence was admissible.

21. BAIL AND RECOGNIZANCE—*Scire Facias—Amendment of Return of the Justice of the Peace—Opportunity of Obligors to be Heard—Case at Bar.*—In the instant case, plaintiffs in error, obligors in a recognizance, complained that on Commonwealth's motion to amend the recognizance judgment was entered against them without affording them an opportunity to introduce evidence on their behalf. When the evidence was offered by the Commonwealth in support of the motion to amend the recognizance, they had ample opportunity to offer evidence in rebuttal. After the amendment was made, they had no plea under which they could offer any evidence except the record, and that was introduced and relied on by the Commonwealth. No issue of any kind was made by the pleadings that entitled the plaintiffs in error to a jury trial, as was contended on appeal.

22. BAIL AND RECOGNIZANCE—*Time of Return of Recognizance—Term Succeeding the Next Term After the Date of the Recognizance—Case at Bar.*— In the instant case, a proceeding by *scire facias* on a recognizance, it was insisted that the recognizance was void because it was made returnable to the first day of the October term instead of the first day of the September term, which was the next term of court after the date of the recognizance, as required by Acts of 1924, ch. 7, sec. 33.

*Held:* That, in view of section 4981 of the Code of 1919, providing that defects in the form of a recognizance should not defeat an action thereon, and of section 6331 of the Code, providing that a party is entitled to only one fair trial, this alleged error was not available to plaintiffs in error.

Error to a judgment of the Circuit Court of Brunswick county.

*Affirmed.*

The opinion states the case.

*Buford & Raney,* for the plaintiffs in error.

*John R. Saunders, Attorney General, Leon M. Bazile* and *Lewis H. Machen, Assistant Attorneys General,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

Counsel for the plaintiff in error has argued this case with his usual ability and astuteness, and has fortified his argument with abundant citation of authority, but his argument has been chiefly addressed to technical points of procedure. Whatever may be the law elsewhere, or whatever it may have been afore-time in this State, since the adoption of the Code of 1919 there has existed in this State a statute which puts a limitation on the powers of this court to reverse the judgment of the trial court—a limitation which we must consider on every application for an appeal and on the hearing of every case submitted to our judgment. Section 6331 of the Code declares that no judgment shall be reversed "for any error committed on the trial where it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits, and substantial justice has been reached." No litigant has the right to demand more, and no Commonwealth ought to give less. The first question, therefore, presented for our consideration is, have the plaintiffs in error had a fair trial on the merits of their case, and has substantial justice been reached?

Stripped of all formalities and technicalities, the case presented by the record is this: On August 29,

1924, E. J. Walker, one of the plaintiffs in error, was arrested on a warrant in due form, supported by proper affidavit, charging him with unlawfully manufacturing, selling, offering for sale and transporting ardent spirits. When the case was called for hearing on August 29, 1924, it was continued until the next day. On the next day, August 30, 1924, the following endorsement was made by the justice on the warrant:

"Brunswick county, to-wit: August 30, 1924.

"The examination of this case waived by the defense and the same to go to the grand jury on the first day of the October term, and the defendant, E. J. Walker, admitted to bail in the sum of $1,500.00 with Warner L. Walker as surety."

These papers were returned to the clerk's office of the Circuit Court of Brunswick county. On the first day of the October term of the Circuit Court of Brunswick county, to-wit, October 28, 1924, the said E. J. Walker was solemnly called but came not, and his default was duly recorded in said court. On the same day, October 28, 1924, a *scire facias* was sued out, reciting the warrant aforesaid and the endorsement thereon and further reciting: "Copy of the above now remaining filed among the records of this court manifestly appears," and directing that E. J. Walker and Warner L. Walker appear before the judge of said court on the next day to "show cause, if anything for themselves they have or can show, why the Commonwealth" should not have execution against them for the penalty of said recognizance. The *scire facias* was twice amended, and judgment entered for the Commonwealth on the last amended *scire facias.*

[2] The plaintiffs in error demurred to each of the writs of *scire facias,* and their demurrer having been overruled to the last writ, they pleaded *nul tiel record*

and *non est factum.* Under our practice, the plea of *non est factum* was inapplicable. The plea of *nul tiel record* put in issue nothing but the existence of the record recited in the *scire facias.* No plea was tendered offering any excuse for the failure of E. J. Walker to appear pursuant to his recognizance, nor any other defense offered except as above stated.

The trial court sustained the demurrer to the first *scire facias,* in which ruling we think it erred, but if the demurrer had been overruled and the pleas be treated as applicable thereto, still judgment should have been given for the Commonwealth.

[3] Section 4981 of the Code declares that "no action or judgment on a recognizance shall be defeated or arrested by reason of any defect in the form of the recognizance, if it appears to have been taken by a court or officer authorized to take it, and be substantially sufficient." The words "action or judgment" as used in this section are broad enough to include a proceeding by *scire facias.* The award of execution on a recognizance is commonly spoken of as a judgment on a *scire facias.*

[4, 5, 6] The *scire facias* recites the warrant and the recognizance taken by the justice, which was endorsed on the warrant. In looking to the information given to the plaintiffs in error by the *scire facias,* the warrant and the endorsements thereon should be read in connection with the *scire facias.* These papers notified the plaintiff in error that E. J. Walker had been arrested in Brunswick county for unlawfully manufacturing, selling, offering for sale and transporting ardent spirits; that he had been brought before a justice of the peace, who had power to bail him; that he had waived defense; that the justice had admitted him to bail in the sum of $1,500; that he was to appear on the first day of the

October term of the Circuit Court of Brunswick county to answer a charge to be preferred by the grand jury, if they should make one; that Warner L. Walker became his surety; that E. J. Walker had failed to make his appearance, and that his default had been duly recorded.

In view of these facts, for what else could E. J. Walker have been admitted to bail except for his appearance; where else except before the court of which the grand jury were a part; for what could Warner L. Walker become his surety except for his appearance; to whom could the recognizance have been payable except to the Commonwealth? The warrant shows on its face that it was issued and the hearing was had in Brunswick county, and when the recognizance states that the same was to go to the grand jury on the first day of the October term, it meant, of course, of Brunswick county.   The time for the appearance was definitely fixed.

These facts were a sufficient answer to the plea of *nul tiel record*, and there being no other issue raised, in view of the statutes cited, the court might properly have entered judgment for the Commonwealth on the first *scire facias* if the demurrer thereto had not been overruled, and the issue had been tried on a plea of *nul tiel record.*   In other words, the record was sufficient to support the first *scire facias.*

The trial court, however, took a different view and sustained demurrers to the first and second writs of *scire facias*, and overruled the demurrer to the third writ, to which the defendants subsequently pleaded *nul tiel record* and *non est factum*, and upon the issue made by the plea of *nul tiel record* the trial court entered judgment for the Commonwealth.

The last writ of *scire facias* was in all respects for-

mal except that it did not state that all the facts stated in the writ appeared of record in the circuit court. It stated in detail all the facts necessary to be stated in a formal writ, but in fact gave no further information to the defendants than we have pointed out was given by the first writ. The defendants demurred to the writ, stating the following grounds of demurrer:

"1. That it does not appear from said *scire facias* that the said supposed recognizance mentioned therein, or any copy thereof, remains filed among the records of this honorable court;

"2. That the said *scire facias* is unintelligible;

"3. That said alleged recognizance mentioned in said *scire facias* does not contain the conditions authorized by law.

"4. That the next term of the Circuit Court of the county of Brunswick, after the date of the said alleged recognizance, was the September term, 1924, and not the October term, 1924, of said court."

The trial court overruled the demurrer and the defendants pleaded *nul tiel record* and *non est factum*, upon which pleas issues were joined, and "the attorney for the Commonwealth moved the court for leave to amend the recognizance as forfeited as aforesaid, in accordance with the facts alleged in the amended writ of *scire facias* as last amended, which said motion the defendants opposed, and upon which said motion the court heard the evidence of certain witnesses introduced on behalf of the Commonwealth in support of said motion." But the court overruled the motion to amend the recognizance and entered judgment for the defendants. At a subsequent day of the term, the Commonwealth asked for a rehearing of the decision on the motion to amend, which motion was granted.

On the rehearing, the court set aside its former judg-

ment, and allowed the recognizance to be amended, as requested. Whereupon it was amended in open court so as to read as follows:

"Virginia, County of Brunswick, to-wit:
   "Be it remembered, that on this 30th day of August, 1924, E. J. Walker and Warner L. Walker, personally appeared before me, G. W. Wesson, a justice of the peace for the said county, and each acknowledged themselves indebted to the Commonwealth of Virginia as follows:    That is to say, the said E. J. Walker in the sum of $1,500.00, and the said Warner L. Walker in the sum of $1,500.00, for the use of the Commonwealth to be rendered.
   "Yet upon the condition that the said E. J. Walker shall personally appear before the circuit court for said county on the first day of October term thereof, 1924, at ten o'clock in the forenoon of that day, then and there to answer an indictment to be preferred to the grand jury in and for said county, against him, the said E. J. Walker, for a misdemeanor by him committed, in this, that he did on the 29th day of August, 1924, unlawfully manufacture, sell, offer for sale and transport ardent spirits, whereof said E. J. Walker stands charged, and shall not depart thence without leave of court, then this recognizance to be void, otherwise to remain in full force and virtue.
   "Taken and acknowledged before me in my said county this the day and year first above written.
                                   "G. W. WESSON, J. P."

The record thereupon proceeds:
   "Whereupon, upon the issues joined on those two certain pleas heretofore filed in this proceeding by the defendants, the court doth find for the Common-

wealth, and doth overrule the two said pleas; and the defendants by counsel, again excepted:

"Whereupon, it is considered by the court that the forfeiture of the said recognizance as heretofore declared at this term, on the said 28th day of October, 1924, be and the same is hereby affirmed; that the Commonwealth accordingly recover of the said defendants, to-wit, of each of them, according to the tenor of the said recognizance, the sum of $1,500.00, the amount of the penalty aforesaid, of the said recognizance, and the legal and incidental costs; and that execution do forthwith issue in the premises in favor of the Commonwealth against each of the said defendants for the sum of $1,500.00, and the said costs, in manner and form, and to the intents and purposes, as provided by law; and the defendants, by counsel, again excepted."

If the proceedings on the first *scire facias* were, as we have seen, sufficient to warrant an award of execution in favor of the Commonwealth, those on the last writ were necessarily so, and this opinion might well end here; but some points in the case have been so earnestly pressed by counsel for the plaintiffs in error that we have determined to discuss them. Chief among these points is that there could be no parol amendment of the recognizance taken by the justice.

[7] There are some preliminary questions, however, which we wish first to advert to. A recognizance is a debt evidenced by a record. All recognizances are in the first instance by parol, and the record is simply the evidence of it. But it is the sole evidence. The acknowledgment of the indebtedness, however, is the recognizance.

[8] In a court of record what the court does it does of record, and what the record does not show was done

was not done.   The record imports such absolute verity that no evidence will be received to add to it or subtract from it, except under statutory permission. So strict is the application of the rule that this court refused to accept the most satisfactory proof of an omission from the record in a case involving human life.   *Dallas Wright* v. *Commonwealth*, 111 Va. 873, .69 S. E. 956.   See also *Barnes* v. *Commonwealth*, 92 Va. 794, 23 S. E. 784; *Patterson* v. *Commonwealth*, 139 Va. 589,.123 S. E. 657.   This rule, however, does .not. apply in all of its strictness, as we shall see, to a court not of record, and its return of a recognizance .may sometimes be amended.

[9] The recognizance, when duly evidenced, is a debt of record upon which an award of execution may be had in a proceeding by a writ of *scire facias*.   The .general issue in such a proceeding is *nul tiel record* ·in which the plaintiff has the burden of proof.   The ·sole question involved on such issue is the existence of the record alleged in the *scire facias*.   The record it-·self is the only evidence receivable to prove its contents, and the issue is to be tried by the court upon an .inspection of the record.   11 Encl. Pl. & Pr. 1150-.1153; *Wood* v. *Commonwealth*, 4 Rand (25 Va.) 329.

[10] The *scire facias*, in a case of this kind, after .reciting the recognizance and default of appearance .of the principal obligor, is a mere rule against the obligors "to show, if anything for themselves they have to ·say, why the said Commonwealth may not have, for its own use, execution" against them for the amount ;stated in the recognizance.   4 Min. Inst. 1504.

[11] One of the objections to this *scire facias* is ·.that it does not allege "that the recognizance sued on, ·or a copy, remained filed among the records of the ,court."   This was not necessary.

In *Gedney* v. *Commonwealth,* 14 Gratt. (55 Va.) 318, it is said: "The counsel for the plaintiff has cited no authority showing the necessity under our laws and practice of a substantive and direct averment that the recognizance was transmitted by the justice to the clerk of the county court. The *scire facias* (as is usual) recites the recognizance, which purports to have been taken by a justice in the county. This recital, together with the implied averment of the transmission of the recognizance contained in the *prout patet per recordum,* when the usual form is pursued ('as by the said recognizance to our county court sent and now remaining in the said court manifestly appears'), is, according to our practice, received as presenting a sufficient averment that the recognizance had been transmitted by the justice."

It is next objected that the trial court erred in admitting parol testimony of the justice and others of what transpired at the time of making the recognizance. The object of this testimony was to support the motion to amend the officer's return of the recognizance. The return when amended was in writing, and became a record of the circuit court. The real harm done to the plaintiffs in error, if any there was, was in allowing the justice to amend his return. When he amended it, the amended return became the evidence of the recognizance of record in the circuit court, and it conformed in all respects to the facts set out in the last *scire facias.* The real question at issue, therefore, was the right of the justice to amend his return.

[12] No question is raised as to the jurisdiction of the justice to take the recognizance, and no plea put in issue any fact except the existence of the record of the recognizance declared on. If there was fraud in the procurement of the record, that question could not

be raised by the plea of *nul tiel* record.   *Quinn* v.
*Commonwealth*, 20 Gratt. (61 Va.) 138, 145.   Compare,
11 Encl. Pl. & Pr. 1166.

[13-17] The court of a justice of the peace is not a
court of record.   When a justice takes a recognizance,
he usually makes a brief memorandum of it, as was
done in the instant case, and, in a reasonable time
thereafter, if the memorandum is not sufficiently
specific he should make a fuller memorandum and
return it to the clerk's office as prescribed by section
4977 of the Code.   If it is "substantially sufficient"
it is protected by section 4981 of the Code.   If it is not
substantially sufficient, and he can with the aid of his
memorandum amend it so as to make it so, he should
be permitted to do it.   Our statutes and practice in the
matter of allowing amendments are extremely liberal.
To refuse to allow the amendment permitted in the
instant case would be extremely detrimental to the
best interests of society.   It would probably result in
turning loose of some of the most vicious criminals
and lead to unbearable consequences.   Justices of the
peace are not learned in the law, and while they may
be presumed to know the requisites of a recognizance,
which· are prescribed by section 4973 of the Code,
they may and do make mistakes in the language used
in the forms of their returns, and not to allow an amend-
ment thereof in conformity with the facts would pro-
duce intolerable results.   At what stage of the proceed-
ing such amendment should be permitted rests largely
in the discretion of the trial court, and to ascertain
whether or not the proposed amendment conforms to
the facts the trial court may examine the justice under
oath, subject to cross-examination by the party to be
affected by the amendment, as was done in the in-
stant case.   *Commonwealth* v. *Field*, 11 Allen (Mass.)

488. The amended return, when made, becomes a part of the records of the court permitting the amendment. In the instant case the amended return is fuller than the original return, but is not inconsistent with it, and it is immaterial that the default was recorded on the original and not the amended return.

In *Commonwealth* v. *McNeill*, 19 Pick. (Mass.) 127, 138, it was said by Shaw, C. J.: "It is a well-known practice with most courts to keep a docket, or short minutes of the proceedings, from which the competent and responsible officer will make up his records afterwards. If in doing this, in the first instance, material errors or omissions occur, he may, under his responsibility, having the proper *data* before him, correct them.

"In *Rex* v. *Barker*, 1 East 186, it was held that where a magistrate had given out a copy of a conviction, and afterwards, after a *certiorari* had been issued, he returned a more full, perfect and complete conviction, it was open to no legal objection. Lord Kenyon stated it as his opinion that it was not only legal but laudable for the magistrate to do as he had done, and he would have done wrong if he had acted otherwise. And the court recognized the practice of magistrates of taking minutes of their proceedings to serve as memoranda for a more formal statement to be returned to the sessions.

"The two papers produced in the present case are not inconsistent with each other; the difference is, that one is a fuller statement of the transactions than the other, and being consistent with the truth of the case, which must be taken as true, and returned at the term to which it was returnable, it is to be taken as a valid recognizance."

In *Commonwealth* v. *Merriam*, 9 Allen (Mass.) 371,

373, 374, it is said: "Upon the proper plea, that of *nul tiel record*, it would have appeared that precisely such a recognizance as is set forth in the declaration was taken and returned to the clerk of the court by the commissioner. The sufficiency of the recognizance as to form, if this were the whole case, would not be denied. But the supposed defect in the proceedings is that the party has not been properly called and defaulted upon the recognizance declared upon. If we go to the facts stated in the case, it will appear that there had been a previous return of a recognizance taken by the commissioner in the same matter, but which is assumed by the parties to be insufficient in itself and wanting in fulness of statement, and it was upon this recognizance that the party was called and defaulted; and the additional recognizance was not returned until the day succeeding that on which the default was entered, and it was done upon the suggestion that further recitals were necessary.    *    *    *

"The right to amend after the first return of a recognizance, and declare upon the amended return in the writ of *scire facias*, is directly settled in the case of *Commonwealth* v. *McNeill*, 19 Pick. 127, 138. It is also held to be quite immaterial at whose suggestion the amended or more full return was made. The court says: 'Had the justices from any source ascertained that they had sent an imperfect record, they would have been at liberty, within a reasonable time, to have sent a more perfect one.' That case would meet the present and furnish a precedent, but for this difference, that in that case the second return was actually filed before the party was defaulted on his recognizance. But that was a case of a recognizance taken by an inferior court, conditioned for the appearance of the party at a superior court, and the recogni-

zance was returnable to the superior court, and its being returned and filed was the only evidence that the court could have of its having been taken."

In *Commonwealth* v. *Field*, 11 Allen (Mass.) 488, ·494, 496, the original return was made in 1863 and the amendment was allowed in 1865. The court said: "The lapse of time would furnish no legal objection to it, although it might call for great circumspection before granting it. Nor would it be a valid objection that it was done after the commencement of the action, or that it affected the legal rights of the parties, and changed their liabilities from what they would have been before the amendment. *Balch* v. *Shaw*, 7 Cush. 282; *Haven* v. *Snow*, 14 Pick, 28; *Johnson* v. *Day*, 17 Pick, 108; *Baxter* v. *Rice*, 21 Pick, 197. * * *

"The principle upon which this right to make a second extended return rests, seems to be that the binding effect of a recognizance does not depend upon its being fully written out when the party recognizes. The briefest memoranda as to the fact, made by the clerk, or a commissioner, if taken out of court, are sufficient to authorize the party taking the same to make a full return subsequently, and, if this be imperfectly or erroneously set forth, to amend the same according to the truth, and return the same in accordance with the actual facts."

In *State* v. *Young*, 56 Me. 219, 220, it is said: "The first question to be determined is whether the recognizance can be legally amended, and if so, what the effect of the proposed amendment will be.

"Undoubtedly the recognizance may be legally amended. In *Com.* v. *Field*, 11 Allen, (Mass.) 488, a recognizance was amended three years after it was taken, and after a suit had been commenced on it. In *Means* v. *Trout*, 16 Serg. & Rawle, (Pa.) 349, Chief

Justice Gibson said that justices of the peace manifest such a remarkable inaptitude in these matters, and return so many defective recognizances, that not to allow them to be amended would be attended with an insufferable amount of mischief. And in *Bream* v. *Spangler*, 1 Watts & Serg. (Pa.), 378, upon a motion to quash an appeal from the judgment of a justice of the peace, on the ground of a defective recognizance, the court held that in all such cases the appellant should be allowed a reasonable time within which to perfect his appeal by having the recognizance amended, as otherwise he might suffer great hardship, and be deprived of a constitutional right, without being in fault.

"The conditions of all recognizances are fixed by law. Hence, parties and their sureties understand perfectly what their liabilities are; and when defective or illegal recognizances have been returned, there can be neither hardship nor injustice in allowing them to be amended as soon as the defect or error is discovered. And in criminal cases especially, not only should the magistrate be allowed to amend a defective or illegal recognizance returned by him, but he should be required to do so, if he can consistently with the truth; otherwise a door is opened through which the most atrocious criminals may escape with impunity." See also *Commonwealth* v. *Cheney*, 108 Mass. 33, and cases cited.

[18] It is true, as stated in the reply brief, that a *scire facias* can only issue from the court in which the recognizance is recorded, and that the recognizance must be complete in itself, but when the amended return was made it became a part of the record and was complete in itself.

[19] Counsel for the plaintiffs in error seek to

draw a distinction between a proceeding by *scire facias* and by action on a recognizance, and cites a number of cases from Massachusetts to show what the recognizance must show when the proceeding is by *scire facias*. The rights of the parties are the same whether the proceeding is by *scire facias* or by action, though the form of the pleas may be different. There is nothing in any of the cases cited from Massachusetts in conflict with the cases hereinbefore cited. It is only to be borne in mind that the amended return is the evidence and the only admissible evidence of the recognizance.

[20] A number of cases from other jurisdictions have been cited to show that a recognizance cannot be proved or amended by parol testimony. That may be conceded without reviewing the cases, but in the instant case what was offered was an *amended return in writing*, and the object of the parol evidence was simply to satisfy the trial court that the amendment offered contained the facts, and that the tender was made in good faith. When satisfied of this, the amendment was accepted.

We have no case in Virginia that throws any special light on the question in controversy. *Bias* v. *Floyd*, 7 Leigh, 640, is relied on, but there the recognizance was written out in full and signed by the parties. Afterwards, and without the knowledge or consent of the recognizors, the justice interlined a very material change in the obligation, and it was held that the recognizance should be amended by striking out the interlineation, and if what was left created a valid recognizance it might be enforced. Parol evidence in the form of affidavits was received to show when, where and under what circumstances the interlineation was made; in other words, to make the recogni-

zance speak the truth. The order remanding the case directed the trial court *"to amend the recognizance according to the right of the case, and then proceed to a new trial of the scire facias upon the defendant's plea of nul tiel record."* There was no controversy as to what the obligation was, nor as to the alteration. In the instant case, the recognizance was not signed, and the object of the amendment was to make the recognizance speak the truth.

*Wood* v. *Commonwealth*, 4 Rand. (25 Va.) 329, is also relied on. There the *scire facias* recited that the recognizance was taken in the county of Albemarle, but the recognizance, which was averred to be of record, did not show that it was entered into in Albemarle county. This was held to be a fatal variance which could not be cured by averment. No question of amendment was raised, and the terms of the recognizance, *as recorded*, could not be varied nor aided by the mere averments of the *scire facias*. The record tendered was complete and final.

*Commonwealth* v. *Springer*, 138 Va. 719, 121 S. E. 654, was relied on by the Commonwealth as supporting the right to amend the return, but the case is of doubtful value on that question.

*Commonwealth* v. *Fulks*, 94 Va. 585, 27 S. E. 498, and *Cannon* v. *Commonwealth*, 96 Va. 573, 32 S. E. 33, were cases of recognizances taken by courts of record, whose records could not be added to or subtracted from by extraneous evidence upon the principles hereinbefore stated, and none was offered. They have no bearing on the question here at issue.

[21] Plaintiffs in error also complain that on the rehearing judgment was entered against them without affording them an opportunity to introduce evidence in their behalf. When the evidence was offered

by the Commonwealth in support of the motion to amend the recognizance, they had ample opportunity to offer evidence in rebuttal.   After the amendment was made, they had no plea under which they could offer any evidence except the record, and that was introduced and relied on by the Commonwealth.   No issue of any kind was made by the pleadings that entitled the plaintiffs in error to a jury trial as now contended for.

[22] Finally it is insisted that the recognizance is void because it was made returnable to the first day of the October term instead of the first day of the September term, which was the next term of the court after the date of the recognizance.   The statute declares that the recognizance shall be "for appearance before the next term of the circuit court   *   *   * having jurisdiction."   Acts 1924, ch. 407, sec. 33. It is doubtful if this alleged error is sufficiently assigned in the petition, but if it is, it is not available to the plaintiffs in error in consequence of the provisions of sections 4981 and 6331 of the Code, hereinbefore quoted.

Upon the whole case, we are of opinion that the plaintiffs in error have had a fair trial on the merits of their case, and that substantial justice has been reached (Code, sec. 6331), and hence the judgment of the trial court will be affirmed.

*Affirmed.*