**C. C. (Dock) BRADLEY, Appellant,**

v.

**W. Frank SMYTH, Jr., Superintendent of the Virginia State Penitentiary, Appellee.**

**No. 7595.**

United States Court of Appeals Fourth Circuit.

Argued April 18, 1958.

Decided April 25, 1958.

Joseph E. Baker, Norfolk, Va. (Court appointed counsel), for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (A. S. Harrison, Jr., Atty. Gen. of Virginia, and Thomas M. Miller, Asst. Atty. Gen. of Virginia, on brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

HAYNSWORTH, Circuit Judge.

In 1939, in the Circuit Court of the County of Russell, Virginia, petitioner was convicted of rape, upon a plea of guilty, and sentenced to forty years imprisonment in the Virginia State Penitentiary. After exhausting his state remedies, he filed in the District Court a petition for a writ of habeas corpus, asserting that he was not represented by counsel, nor offered the services of counsel, in the proceedings in which he was sentenced. The District Judge granted a hearing, appointed able counsel to represent the petitioner, took testimony and, after careful consideration, found that the prisoner, in fact, had been represented by counsel. Accordingly, the petition was dismissed.

The prisoner asserts that he had no counsel in the state court proceedings. The sentencing order, dated September 15, 1939, contains no reference to representation by counsel. The Attorney for the Commonwealth, however, testified that the defendant was represented by A. T. Griffith, Esq., an experienced and competent attorney, and he explains his clear recollection of the matter by reason of the fact that he had known and represented the defendant prior to the commission of the crime and because of the further fact that the nature of the crime was particularly repulsive.[1] Mr. Griffith recalled that, as Court appointed counsel, he defended two individuals charged with murder in the September 1939 term of the Circuit Court of Russell County and that, by Court appointment, he also represented another individual who pled guilty, but he did not recall the name of that individual or the nature of the charge. There was a formal order appointing Mr. Griffith to represent the two defendants in the murder case, but there was no record of any such order appointing him to represent any other person tried at that term. The Clerk's minutes, however, while abbreviated, indicate that Mr. Griffith was appointed to represent the petitioner here, in the rape case, as well as the two defendants in the murder case and that he was paid, out of funds of the court, a nominal, but maximum, fee for representing three defendants at that term. Finally, there was testimony that, in 1943, all inmates of the penitentiary were interviewed in order to compile certain information which was not then available in the penitentiary, and the petitioner's "Rec-

---

1. The victim of the crime was the defendant's ten-year old daughter. The crime required her hospitalization and treatment for a venereal disease.

ord of Interview" contains the notation that, at the time of his conviction in 1939, he had been represented by an attorney named "Griffin."

■ The petitioner readily admits that the evidence, if properly before the District Judge, abundantly justifies the finding that petitioner was represented by counsel when convicted of the charge of rape. He protests, however, that none of such evidence, except the sentencing order of September 15, 1939, should have been received.

Reliance is placed upon Walker v. Commonwealth, 144 Va. 648, 131 S.E. 230, 233, in which the Supreme Court of Appeals of Virginia said:

"In a court of record, what the court does it does of record, and what the record does not show was done was not done. The record imports such absolute verity that no evidence will be received to add to it or subtract from it, except under statutory permission. So strict is the application of the rule that this court refused to accept the most satisfactory proof of an omission from the record in a case involving human life." [2]

The finality which Virginia accords the records of her courts is not necessarily binding here. The petitioner's assertion of a violation of rights guaranteed to him by the Constitution of the United States occasions an inquiry into the factual question of his representation by counsel, and we are only incidentally concerned with the subordinate question of whether or not the primary fact was properly recorded in the records of the committing court. The records of that court should receive our great respect and proper deference, but being

silent on the subject of our concern, they do not necessarily foreclose our further inquiry.[3]

Moreover, in 1939, there was no requirement, that a Virginia Circuit Court include in its records any notation that a criminal defendant was represented by counsel or offered such representation. Such a requirement was subsequently adopted and is now embodied in § 19–214.1 of the Code of Virginia, 1950, but it was not in effect in 1939. Surely, if the Virginia court, at the time it acted, was not required to record the fact, its failure to do so cannot foreclose our present inquiry.

■ Finally petitioner contends that the Clerk's minutes and the "Record of Interview" were inadmissible under the hearsay rule. With respect to the "Record of Interview," it is particularly contended that since some of its notations were known to have been records of information obtained from other sources, it cannot be assumed that petitioner informed the interviewer that he had been represented by Mr. "Griffin." The inexact notation of Mr. Griffith's name, and similar errors in noting the title of the committing court and the name of its presiding judge all suggest that the interviewer obtained his information in a conversation with petitioner, in which such variations would be expected and would appear entirely normal, rather than from an inspection of accurate official records. At all events, these considerations go, at most, to the weight of the evidence, for in the federal jurisdiction such documents are to be received in evidence for what evidentiary value they may be properly accorded, 28 U.S. C.A. § 1732. Each was a record made by an official of Virginia in the ordinary course of his official duties.[4]

---

2. The limitations of the Virginia rule are applicable only to collateral attacks, and do not foreclose an application in the original proceeding to reopen and to supply an omission in the record. Council v. Commonwealth, 198 Va. 288, 94 S. E.2d 245.

3. The Clerk's minutes possibly should be treated, for these purposes, as records of the court, but we need not decide that question.

4. As to the admissibility of the Clerk's minutes, see also Council v. Commonwealth, 198 Va. 288, 94 S.E.2d 245.

**48**

The District Judge having properly received the documentary and other evidence, which abundantly justified his finding of fact on the crucial issue, there was no error in his dismissal of the petition for the writ.

Affirmed.