ANNUNZIATA, Judge,
concurring in part, and dissenting in part.
I concur with the majority opinion that the trial court’s refusal to allow appellant to strike Craigie was erroneous. However, I find the trial court’s error harmless and, therefore, would affirm the convictions.
As the majority notes, the error in this case is based on a statutory, not a constitutional mandate. Non-constitutional error is harmless
[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.
Code § 8.01-678; see Lavinder v. Commonwealth, 12 Va.App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc); Walker v. Commonwealth, 144 Va. 648, 652, 131 S.E. 230, 231 (1926). In accordance with this well-settled principle governing appellate review in the Commonwealth, “[i]t has been well said that there is no such thing as a perfect trial. Every man is entitled to a fair trial and to nothing more----” Oliver v. Commonwealth, 151 Va. 533, 541, 145 S.E. 307, 309 (1928).
In the present case, the trial court made six Batson rulings in reviewing appellant’s exercise of his statutory right to “strike off one name from the panel until the number remain *207 ing shall be reduced to the number required for a jury.” See Code § 19.2-262(3).[4] One of the rulings was erroneous. The majority concludes that, as a result of this error, appellant was deprived of a fair trial and substantial justice was not reached.
In finding reversible error, the majority opinion effectively reinstates the common law’s per se reversal rule, which we all agree has been changed by statute. Although the record discloses no prejudice which resulted from the trial court’s error, the majority concludes that the presence of a juror “in conflict with appellant’s expressed desire to remove him” was not harmless, noting that “another impartial juror with a different lifestyle [might not have voted] the same way that Craigie did.” Such an analysis misapplies the Lavinder test, which rests not on hypothetical circumstances but on what the record affirmatively establishes.
An impartial jury is essential to a “fair trial.” See Scott v. Commonwealth, 11 Va.App. 516, 519, 399 S.E.2d 648, 650 (1990) (en banc); Martin v. Commonwealth, 221 Va. 436, 445, 271 S.E.2d 123, 129 (1980) (if court fails to secure impartial jury for litigant, conviction must be reversed); Lavinder, 12 Va.App. at 1005, 407 S.E.2d at 911 (constitutional error reversible unless harmless beyond reasonable doubt). Here, the record affirmatively establishes that appellant was tried by an impartial jury. It is undisputed that each person on the panel of twenty from which the ultimate jury was selected was free from exception. While appellant lost the right to peremptorily strike one juror he should have been allowed to exclude, that juror stood “indifferent in the cause.” Breeden v. Commonwealth, 217 Va. 297, 298, 227 S.E.2d 734, 735 (1976). In my opinion, the record plainly shows that the erroneous, non-constitutional ruling did not deprive appellant of a fair trial or *208 substantial justice and, therefore, plainly did not affect the verdict.
Furthermore, the evidence in the case supports appellant’s conviction beyond a reasonable doubt. See Overbee v. Commonwealth, 227 Va. 238, 245, 315 S.E.2d 242, 245 (1984); Lavinder, 12 Va.App. at 1007, 407 S.E.2d at 912 (to determine whether “it plainly appears that the error did not affect the verdict,” court “must review the record and the evidence and evaluate the effect the error may have had on how the finder of fact resolved the contested issues”); id. at 1011, 407 S.E.2d at 914 (Keenan, J., concurring) (“appellate court must consider the error and evaluate its effect, if any, upon how the fact finder weighed and balanced the evidence or resolved the credibility of witnesses”). When the sufficiency of the evidence is viewed together with the provision of an impartial jury which tried the matter, the conclusion is compelled that the record plainly shows that the erroneous denial of appellant’s strike did not deprive appellant of a fair trial or substantial justice and, therefore, did not affect the verdict. Lavinder, 12 Va.App. at 1005, 407 S.E.2d at 911.
For the reasons stated, I would affirm the convictions.

. Code § 19.2-262(3) provides,
The parties or their counsel, beginning with the attorney for the Commonwealth, shall alternately strike off one name from the panel until the number remaining shall be reduced to the number required for a jury.