PRESENT:  All the Justices

JOSEPH WILLIS LEE, III

OPINION BY
v.  Record No. 250724                                JUSTICE D. ARTHUR KELSEY
                                                                MARCH 19, 2026

VIRGINIA STATE BAR EX REL.
THIRD DISTRICT, SECTION III COMMITTEE

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG

A three-judge circuit court found that Joseph Willis Lee, III, violated the Virginia Rules

of Professional Conduct (the "Disciplinary Rules") by knowingly withholding exculpatory

evidence from a criminal defendant.  Lee argues that the Virginia State Bar subcommittee that

certified the ethics complaint had improper notice of a prior disciplinary action against him.  Lee

also contends that the evidence was insufficient to support the circuit court's finding of ethical

misconduct because the trial judge in the criminal case wherein the misconduct occurred came to

a different conclusion.  Disagreeing with both assertions, we affirm.

I.

Counsel for Rayshawn Scott, a criminal defendant who had been prosecuted by Lee, filed

a complaint with the Virginia State Bar alleging that Lee had violated Disciplinary Rule 3.8(d)

by withholding exculpatory evidence during Rayshawn's trial.  The allegation arose from Lee's

failure to inform Rayshawn that Lee had offered Shaquille Scott (Rayshawn's cousin) a

reduction in criminal charges in exchange for Shaquille's testimony against Rayshawn.

Rayshawn's conviction based on this testimony was later vacated because Lee had withheld

exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

A Bar investigator submitted a report to the Third District, Section III Subcommittee of

the Virginia State Bar (the "Subcommittee").  An email included in the investigative report, as

well as a statement in the original complaint to the Bar, mentioned a prior disciplinary action

against Lee. After reviewing the investigative report, the Subcommittee certified the matter to the Bar Disciplinary Board. The certification stated that "[b]y failing to disclose to Rayshawn Scott or his attorney that [Lee] had offered to reduce the criminal charges pending against Shaquille Scott in exchange for Shaquille Scott's testimony," Lee had violated Disciplinary Rule 3.8(d), which requires "[a] lawyer engaged in a prosecutorial function" to "make timely disclosure . . . of the existence of evidence which the prosecutor knows tends to negate the guilt of the accused." 1 J.A. at 12 (emphasis omitted).

Upon Lee's demand that his matter be heard before a three-judge circuit court pursuant to Code § 54.1-3935(A), the Bar filed its complaint with the circuit court. The circuit court held a two-day trial on Lee's misconduct charge, during which it received hundreds of pages of exhibits and heard the testimony of Rayshawn's counsel, Shaquille's counsel, and the special prosecutor appointed to Shaquille's case. After conclusion of the Bar's evidence, Lee made a motion to strike, which the circuit court denied.

Lee then offered his own testimony. Despite the evidence against him, Lee maintained that no agreement had been offered to Shaquille. He testified that he "had no conversation with [Shaquille's counsel] about any reduction of charges in any way." 2 *id*. at 605. Lee similarly denied confirming the agreement in a conversation with the special prosecutor assigned to Shaquille's case. *Id.* at 613. After concluding his evidence, Lee made another motion to strike, which again was denied.

In its final order, the circuit court made detailed factual findings. Specifically, it found that Lee had made an agreement with Shaquille to reduce his felony charge to a misdemeanor charge in exchange for Shaquille's testimony against Rayshawn. Lee knowingly failed to disclose this agreement to Rayshawn or his counsel, and Shaquille testified at Rayshawn's trial

2

as the only witness to place Rayshawn at the scene of the crime. The circuit court also found that Lee's denials were "not credible." 1 *id.* at 317. His testimony stood in contrast to the testimonies of the other attorneys involved in the case, and the circuit court found them to be "credible and consistent with one another." *Id.* Clear and convincing evidence, the circuit court concluded, proved that Lee had violated Disciplinary Rule 3.8(d).

The circuit court next moved from the misconduct phase to the sanctions phase of the proceedings. The Bar admitted into evidence a certification of a prior disciplinary action against Lee, which showed that he had previously been disciplined for similar conduct, specifically, withholding exculpatory evidence in a criminal trial in violation of Disciplinary Rules 3.8(d) and 3.4(e). *See* 6 *id.* at 2475-82. In determining its sanction in the present case, the circuit court noted Lee's "repeated denials that he made the [o]ffer until the Court found he committed misconduct" and Lee's previous offense for the same misconduct. 1 *id.* at 318. Given these aggravating factors and the nature of Lee's misconduct, the circuit court suspended Lee's license to practice law for two years.

After the evidentiary hearing, but before the final order was issued, Lee filed a motion to dismiss the Subcommittee's initial certification of misconduct. Lee argued that the Subcommittee had received a disclosure of his prior "Disciplinary Record," which he claimed was improper during the misconduct phase. *See generally* Va. Sup. Ct. R., Part 6, § IV, ¶ 13-30(B). For this reason alone, Lee argued, the circuit court proceedings against him should never have commenced. The circuit court denied Lee's motion to dismiss, holding that the documents reviewed by the Subcommittee did not constitute "Disciplinary Records" under Part 6, Section IV, Paragraph 13-30(B) of the Rules of the Supreme Court of Virginia and that the circuit court did not have the authority to dismiss the Subcommittee's certification. 1 J.A. at 306.

II.

A.

On appeal, Lee asserts two assignments of error. The first challenges the circuit court's denial of his motion to dismiss the Subcommittee's certification. Lee maintains that the Subcommittee improperly received notice of a prior disciplinary action against him and that such disclosure invalidates the later circuit court proceedings. Lee concedes that the circuit court did not review any prior disciplinary actions against him until after the conclusion of the misconduct phase. Lee also admits that this record was relevant to the sanctions phase. Even so, Lee concludes that the alleged error during the certification process requires us to vacate the circuit court's final decision and to dismiss the ethical charge against him. We decline to do so.

"Code § 8.01-678 makes 'harmless-error review required in *all* cases.'" *Commonwealth v. White*, 293 Va. 411, 420 (2017) (citation omitted). "The harmless-error concept is no mere prudential, judge-made doctrine of appellate review," but rather, it "is a legislative mandate, which has been part of our statutory law since the early 1900s, and limits the adjudicatory power of Virginia appellate courts." *Id.* at 419; *see also Walker v. Commonwealth*, 144 Va. 648, 652 (1926) (construing the predecessor harmless-error statute). "The harmless-error check on judicial power has never been a begrudged limitation, but rather one 'favored' by Virginia courts," *White*, 293 Va. at 420 (citation omitted), because it stems from the "imperative demands of common sense," *Oliver v. Commonwealth*, 151 Va. 533, 541 (1928).

The "common sense" aspect of the doctrine, *id.*, is on full display in this case. A Subcommittee's certification is "based on a reasonable belief" that an ethical violation has been committed. Va. Sup. Ct. R., Part 6, § IV, ¶ 13-15(B)(3). The subsequent "Charge of Misconduct" initiates the misconduct phase before a three-judge circuit court if demanded pursuant to Code § 54.1-3935. *See id.* ¶ 13-16(A)-(B). In its de novo proceeding, the circuit

4

court must determine whether the ethical violation has been proven by clear and convincing evidence.

In Lee's case, the circuit court's ultimate decision renders harmless any error that might have occurred in the Subcommittee's determination to charge Lee with misconduct.[1] Lee received a fair trial in conformity with the rules governing the circuit court proceeding. Any alleged evidentiary error affecting the Subcommittee's "reasonable belief," *id.* ¶ 13-15(B)(3), that Lee had acted unethically had no effect on the clear-and-convincing determination of the circuit court because the alleged error was not repeated there.

In this respect, the situation is no different than an evidentiary challenge to a grand jury indictment (based upon probable cause) after a later conviction by a petit jury (based upon proof beyond a reasonable doubt) that was untouched by the earlier evidentiary dispute. Under settled law, "any error in the grand jury proceeding connected with the charging decision" is deemed "harmless beyond a reasonable doubt" after a petit jury's subsequent guilty verdict. *United States v. Mechanik*, 475 U.S. 66, 70 (1986); *see also Bell v. Commonwealth*, 264 Va. 172, 191 (2002). *See generally* 7 Wayne R. LaFave et al., Criminal Procedure § 27.6(b), at 132-33 (4th ed. 2015).

### B.

Lee's second assignment of error contends that the trial judge in Rayshawn's criminal case, when holding that Lee committed a *Brady* violation, also found that Lee "did nothing

---

[1] Virginia courts strive to resolve legal contests on the "best and narrowest ground available" for decision. *Rebh v. County Bd. of Arlington Cnty.*, 303 Va. 379, 382 & n.1 (2024) (per curiam) (citation omitted). Consistent with that tradition, our harmless-error ruling sidelines any need to rule on Lee's arguments addressing (i) whether the documents provided to the Subcommittee constituted a "Disciplinary Record," *see* Va. Sup. Ct. R., Part 6, § IV, ¶ 13-30(B), (ii) what constituted proper timing for a Subcommittee's review of a disciplinary record, or (iii) whether the circuit court has the authority to dismiss a Subcommittee's certification.

purposefully wrong or that would constitute an ethical violation." 1 J.A. at 64, 316. The trial judge also "emphasize[d]" that he had "great respect" for Lee, and as far as the judge was concerned, "that should be the end of it." 6 *id.* at 2274. Those findings, Lee contends, render the evidence insufficient as a matter of law in Lee's disciplinary proceeding before the circuit court. We disagree.

The circuit court issued detailed, factual findings supporting its conclusion that Lee had violated Disciplinary Rule 3.8(d). Lee does not argue that, viewed in their totality, these findings "are not justified by a reasonable view of the evidence or are contrary to law," *see Pollack v. Virginia State Bar*, 304 Va. 451, 461 (2025) (citation omitted). Lee instead argues that the trial judge's exonerating statements in Rayshawn's case necessarily put in "equipoise" all other incriminating evidence in his disciplinary proceeding before the circuit court. *See* Appellant's Br. at 1, 27.

The argument is creative but unconvincing. The trial judge's statements in Rayshawn's case were summarized in an order vacating Rayshawn's convictions based upon Lee's *Brady* violation and denying Rayshawn's motion to disqualify Lee. *See* 1 J.A. at 64, 316. The finding was dicta to the extent it related to the *Brady* violation because *Brady* does not require purposeful wrongdoing or provable ethical violations. *See Workman v. Commonwealth*, 272 Va. 633, 644 (2006). It was not dicta, however, to the extent the judge considered it pertinent to the motion to disqualify.

The flaw in Lee's argument is that whatever the context of the trial judge's statements in Rayshawn's case, they cannot be treated as irrefutable proof of Lee's innocence in the circuit court's disciplinary proceeding. Virginia law recognizes various legal doctrines (res judicata, collateral estoppel, double jeopardy, etc.) that specifically examine the preclusive impact of

6

factual findings in one judicial proceeding upon another. Lee's packaging of this contest as a sufficiency issue involving "evidence in equipoise," Appellant's Br. at 27, implies the inefficacy of these preclusion doctrines in his case. We need not test that supposition, however, because Lee did not assert any of them on appeal.[2] His only thesis is that the circuit court's factfinding exercise, no matter how clear and convincing the evidence appeared to be, was nonetheless subject to the first judge's view that his exoneration of Lee "should be the end of it." 6 J.A. at 2274. Lee presents no convincing legal basis for this conclusion.

III.

In sum, the circuit court correctly denied Lee's motion to dismiss the Subcommittee's certification and properly acted within its factfinding discretion to find that Lee had violated the Virginia Rules of Professional Conduct by knowingly withholding exculpatory evidence from a criminal defendant.

*Affirmed.*

---

[2] *See generally Amazon Logistics, Inc. v. Virginia Emp. Comm'n*, 304 Va. 107, 111 (2025); *AlBritton v. Commonwealth*, 299 Va. 392, 412 (2021); *Coward v. Wellmont Health Sys.*, 295 Va. 351, 367 (2018).