COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Alston and McCullough
Argued at Alexandria, Virginia

PATRICIA BLEVINS

                                                    OPINION BY
v.        Record No. 2276-11-4              JUDGE STEPHEN R. McCULLOUGH
                                                    NOVEMBER 6, 2012

PRINCE WILLIAM COUNTY
  DEPARTMENT OF SOCIAL SERVICES


         FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                    Benjamin N.A. Kendrick, Judge Designate

         Angela Morehouse (Von Keller Law, P.C., on briefs), for appellant.

         Cheryl A. Walton, Assistant County Attorney (Angela L. Horan,
         County Attorney; Jane Oliver Smith, Guardian *ad litem* for minor
         child; Hudson Carluzzo Rochkind and Smith, P.C., on brief), for
         appellee.

         Patricia Blevins assigns error to the circuit court's finding that the disposition order for her

granddaughter, entered by the juvenile and domestic relations district court on May 11, 2010, was a

final order.  Instead, she argues that an order entered on June 22, 2010, was the final order that had

to be appealed to the circuit court within 10 days of entry.[1]  We conclude that the disposition order

of May 11, 2010 was a final order.  This disposition order was not appealed within 10 days.

Therefore, the circuit court correctly concluded that it could not exercise its jurisdiction to review

this order.

---

[1] At oral argument, appellant withdrew her second assignment of error.  Accordingly, we do not address the issue.  In addition, the County Department of Social Services raises three assignments of cross-error.  In light of our disposition of the case, we need not address these assignments of cross-error.

BACKGROUND

In March of 2010, J.B. resided with appellant, who was her paternal grandmother. After learning that appellant had been observed passing fraudulent prescriptions in the presence of J.B. and that appellant was being charged in federal court with prescription fraud, the County Department of Social Services concluded that J.B. should be removed from appellant's custody. On March 22, 2010, the D.S.S. filed a petition in the J&DR court seeking to have J.B. removed from appellant's custody. On March 23, 2010, the court entered an emergency removal order awarding temporary legal custody of J.B. to the D.S.S. Then, on March 30, 2010, the court entered a preliminary removal order, that, among other things, placed J.B. in foster care.

On April 13, 2010, the J&DR court entered an adjudicatory order finding that Blevins had abused and/or neglected J.B. and directing the D.S.S. to file a foster care plan. On May 11, 2010, the court entered an order captioned "dispositional order," that, among other things, transferred legal and physical custody of J.B. from Blevins to the Prince William County Department of Social Services and granted J.B.'s mother unsupervised visitation with additional liberal visitation as deemed appropriate by D.S.S. This order further provided that "[t]his matter shall return to court on June 15, 2010 . . . for interim review." Appellant did not file a notice of appeal from the May 11, 2010 order.

Finally, following a hearing that took place on June 15, 2010, the court by order dated June 22, 2010, amended the May 11, 2010 dispositional order and entered an order giving the child's mother, Carla Blevins, physical custody of J.B. while maintaining legal custody with the D.S.S. This order also set a foster care review hearing for November 16, 2010. Blevins filed two notices of appeal of this order on June 30, 2010, one noting her appeal of the foster care review, and one directed to the finding of abuse and neglect.

In circuit court, the D.S.S. argued that the order of May 11, 2010 was a final order and that, therefore, appellant's failure to timely challenge that order precluded review by the circuit court of the adjudicatory order and foster care plan. The circuit court agreed with the D.S.S.'s argument. The court found that the order of May 11, 2010 was a final order and that appellant did not timely file a notice of appeal from that order. Therefore, the "adjudicatory and initial dispositional foster care plan matters dated 4/13/10 and 5/11/10, respectively are not before this Court."

ANALYSIS

This case presents issues of law, which we review *de novo*. Jones v. Davis, 43 Va. App. 9, 13, 595 S.E.2d 501, 503 (2004).

Virginia law generally restricts appellate review to final orders and restricts appellate review of interlocutory orders. A final order, for purposes of appellate review, "is one which disposes of the whole subject, gives all the relief contemplated . . . and leaves nothing to be done in the cause save to superintend ministerially the execution of the order." James v. James, 263 Va. 474, 481, 562 S.E.2d 133, 137 (2002) (internal quotation marks omitted). Many sound reasons support this rule. The party complaining of a particular ruling may prevail at trial, thus obviating the need to take an appeal. Moreover, "'[b]y their nature, interlocutory appeals are disruptive, time-consuming, and expensive.'" de Haan v. de Haan, 54 Va. App. 428, 441, 680 S.E.2d 297, 304 (2009) (quoting Waste Mgmt. Holdings, Inc. v. Mowbray, 208 F.3d 288, 294 (1st Cir. 2000)).

The General Assembly remains free, of course, to depart from this general principle and to permit appeals from orders that are not "final" under the definition above. See, e.g., Code § 16.1-106 (authorizing interlocutory appeals when a statute or ordinance is challenged as unconstitutional in a court not of record).

Code § 16.1-296(A) authorizes an appeal to the circuit court when a juvenile and domestic relations district court has entered "any final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction."

Unquestionably, a dispositional order is not a "final order" in the conventional sense of the term, *i.e.* one that "disposes of the whole subject" and "leaves nothing to be done," because Code § 16.1-278.2 contemplates the possibility of further review by the J&DR court. For example, Code § 16.1-278.2(A1) provides for additional "court review of the child's placement" when a dispositional order has transferred custody of the child to a relative or other interested individual. A dispositional order that "prohibit[s] or limit[s] contact . . . between the child and [a] parent or other adult occupant of the same dwelling whose presence tends to endanger the child's life, health or normal development" must be reviewed within 150 days. Code § 16.1-278.2(A)(3). Indeed, in a stark departure from ordinary principles of finality, this Court has recognized that a child custody determination can be reopened if that would be in the child's best interests. See <u>Accomack Cnty. Dep't of Soc. Servs. v. Muslimani</u>, 12 Va. App. 220, 225, 403 S.E.2d 1, 9 (1991); <u>see also</u> Code § 16.1-289. Nevertheless, the General Assembly has determined that a "dispositional order" entered by a J&DR court in an abuse and neglect case constitutes a "final order from which an appeal may be taken." Code § 16.1-278.2(D). <u>See also</u> Code § 16.1-296(A) ("[O]rders entered pursuant to 16.1-278.2 are final orders from which an appeal may be taken."). The legislative choice to designate dispositional orders as final orders makes perfect sense. Waiting for a final order that "disposes of the whole subject" and "leaves nothing to be done" in this context would generate significant delay before appellate review. Such delays would ill serve the interests of children, parents, and the interests of the state.

The only question that must be resolved in light of the statutory framework is whether the order of May 11, 2010 is a "dispositional order." If it is, then by statute it constitutes a final order

that must be appealed within 10 days. At a dispositional hearing, under Code § 16.1-278.2, the court may (1) enter an order under Code § 16.1-278 and order that services be provided for the child; (2) permit the child to remain with his parent, subject to conditions and limitations the court may order with respect to the child, his parent, or another adult who occupies the same dwelling; (3) prohibit or limit the contact between the child and his parent or other adult occupant of the same dwelling; (4) permit the local board of social services or other agency to place the child in a suitable home or facility; (5) transfer custody to a relative, a child welfare agency, private organization or licensed facility, or to the local board of social services; (6) transfer legal custody and order the parent to participate in services or programs or refrain from certain conduct; or (7) terminate the rights of the parent.

The order at issue here, which is captioned "dispositional order,"[2] transferred custody of the child to the D.S.S., made the finding, as required by Code § 16.1-278.2(A)(5)(c), that "reasonable efforts have been made to prevent removal and that continued placement in the home would be contrary to the welfare of the child," established specific terms for visitation between the child and her mother, and authorized the D.S.S. to place the child with her mother. The dispositional order was entered after the adjudicatory order of April 13, 2010. We conclude based on the terms of this order that the May 11, 2010 order unquestionably was a dispositional order pursuant to Code § 16.1-278.2. Therefore, it was a final order.

Appellant contends that the May 11, 2010 order is not a true dispositional order because the J&DR court ordered the matter to return to court for an "interim review." This circumstance, however, does not alter the nature of the order as a dispositional order. Code § 16.1-278.2 and the overall statutory scheme governing abuse and neglect of children allow for modifications to be

---

[2] Although the caption of an order does not form part of the order itself, it can nevertheless be read with the body of the order in determining the nature of an order. Alls v. Commonwealth, 131 Va. 640, 647, 108 S.E. 645, 647 (1921).

made to a dispositional order.  The possibility of such modifications does not alter the fact that the order was a dispositional order and, therefore, a final order under Code § 16.1-278.2(D) and Code § 16.1-296(A).

Appellant further argues that the court's order of June 22, 2010 referred to the order of May 11, 2010 as having made "partial disposition" findings.  Reply Br. at 2.  Appellant misreads the court's order of June 22, 2010.  Specifically, the "partial disposition" language in the order refers to the court's decision on that date to transfer physical custody of J.B. to the child's mother, Carla Blevins, while maintaining legal custody with the D.S.S.  It does not refer to the May 11, 2010 order, as appellant contends.  That order is referred to in the June 22, 2010 order as "the May 11, 2010 Dispositional Order for Underlying Petition."  That designation is consistent with our decision here.  Furthermore, even assuming appellant were correct in her contention, for the reasons stated above regarding the effect of the potential for subsequent modifications to a dispositional order, this would not change the fact that the order of May 11, 2010 is, in fact, a dispositional order.

Comcast of Chesterfield Cnty., Inc. v. Bd. of Sprvrs., 277 Va. 293, 301, 672 S.E.2d 870, 873-74 (2009), cited by appellant, does not compel a contrary conclusion.  That case involved a tax dispute which had not yet become final.  Comcast of Chesterfield falls within the ordinary default principle of appellate review in Virginia, which requires a final order as a precondition for an appeal.  The order at issue here, by contrast, falls within a specific statutory scheme which specifies that dispositional orders are final orders.

Appellant had 10 days to note her appeal from the May 11, 2010 dispositional order.  Code § 16.1-296(A).  She did not appeal within 10 days.  Failure to comply with the rules governing appeals precludes the exercise of jurisdiction by the circuit court over the dispositional order.  The Covington Virginian, Inc. v. Woods, 182 Va. 538, 548, 29 S.E.2d 406, 411 (1944).  Therefore, the

circuit court correctly concluded that "the dispositional foster care plan matters dated 4/13/10 and 5/11/10, respectively, are not before this Court."

## CONCLUSION

For the reasons noted above, we affirm the judgment of the circuit court.

<u>Affirmed.</u>