COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Alston, Chafin and Senior Judge Annunziata
Argued at Alexandria, Virginia


BRIAN T. MARRIOTT

                                                        MEMORANDUM OPINION* BY
v.        Record No. 0590-16-4                          JUDGE ROSEMARIE ANNUNZIATA
                                                        FEBRUARY 21, 2017

CHRISTINA E. ANDERSON


                  FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                           J. Howe Brown, Jr., Judge Designate

            John L. Bauserman, Jr., for appellant.

            No brief for appellee.


       Appellant Brian Marriott (father) appeals an order of the Fairfax Circuit Court, entered

March 8, 2016, that directed him to pay appellee Christina Anderson (mother) $821 per month

child support for their eight-year-old son and $500 per month toward arrearages of $30,568.94 as

of February 29, 2016.[1]  Father contends on appeal that the circuit court lacked subject matter

jurisdiction over the case because mother's appeal of the order for current child support

established by the Fairfax County Juvenile and Domestic Relations District Court (JDR court)

was not timely filed.  We agree that the circuit court lacked jurisdiction and reverse its ruling.[2]

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The circuit court also entered an order that required mother to reimburse the Virginia Department of Social Services $1,399 for payments made to father from April 2015 through August 2015 as temporary assistance to needy families (TANF).  That order was not appealed.

[2] Given our holding, we do not address father's other assignments of error - - that the circuit court did not comply with the procedures set forth in Code §§ 20-108.1 and 20-108.2 in determining the amount of current support and arrearages.

I.  FACTS

Father and mother were married in 2006, had a child in 2008, and divorced in 2011.  The parents shared custody of their son, with the child living part of the week with mother and part of the week with father.  On March 13, 2014, father was ordered to pay $697 per month in child support, as well as $178 per month on arrearages of $10,281.66.  Father lost his job in May 2014 and filed a petition in the JDR court on October 8, 2014, to modify support.

At the hearing held on May 1, 2015, the JDR court found there had been a material change in circumstances because father was unemployed and granted modification retroactive to October 2014.  Using the applicable support guidelines, the court determined mother's current support obligation to father was $474 per month, beginning June 1, 2015, and that father's total arrearage owed to mother as of May 31, 2015 was $9,699, to be paid by father in monthly installments of $474, beginning June 1, 2015.

Because mother wanted the Division of Child Support Enforcement (DCSE) to collect the monies owed to her, but father wanted mother to pay him directly, the JDR court entered two orders, one designated "'an arrears only' order," and the other designated "a 'current child support' order only."  DCSE was a party to the arrearage order, but was not a party to the order for current support.  The orders were prepared by father's attorney and were entered by the court on May 14, 2015.  Each order stated it was "entered in tandem with a second order of financial child support" and noted "the second order is entered in this case simultaneously . . . ."  The orders set forth identical findings regarding the determination of current support and arrearage, but differed in the language regarding the methods of collection of the payments.  Two juvenile court case numbers appeared on both orders – JA409900-03-00, the number that was assigned to father's petition for modification, and JA412553-01-00.

Mother appealed to the circuit court. The notice of appeal for case JA409900-03-00, the "arrears only" order, was filed on May 21, 2015, and the notice of appeal for case JA412553-01-00, the "current support only" order, was filed on May 27, 2015. The circuit court assigned separate case numbers to each case. Father moved to dismiss both appeals on the grounds that the appeal for current support was not timely filed and the order for arrearages was essentially moot because there were only limited grounds for changing it. The circuit court denied the motion on January 8, 2016. Father renewed the motion at the circuit court hearing on March 8, 2016, but the court declined to reconsider it.

Father presented evidence at the March 2016 hearing that his average monthly income from October 2014 through March 2016 from unemployment benefits and seasonal and part-time jobs was $1,192.47. A vocational expert testified on mother's behalf that father should be earning $120,000 – $130,000 per year. The circuit court determined father was voluntarily underemployed and had not shown a change in his income to justify modifying the support payment, but the court stated the amount would be "tweak[ed]" because mother's income had changed. The court imputed to father a monthly income of $10,000, which had been his income in March 2014, used that amount in determining a current support payment of $821 per month, and recalculated the arrearages from October 2014.

## II. ANALYSIS

Whether the circuit court had jurisdiction over the appeal presents a question of law, which this Court reviews *de novo*. See, e.g., Blevins v. Dep't of Soc. Servs., 61 Va. App. 94, 97, 733 S.E.2d 674, 676 (2012).

We agree with father that although the two JDR court orders were related, they were substantively different because the parties in both cases were not the same. DCSE was a party to the order requiring father to pay the arrearages owed to mother, but DCSE was not a party to the

order requiring mother to pay current support to father.  Accordingly, mother noted two separate appeals to the circuit court, one for each order.

Code § 16.1-296(A) provides that "an appeal may be taken to the circuit court within 10 days from the entry of a final judgment, order or conviction . . . ."  The notice of appeal mother filed on May 21, 2015 was timely; but the notice she filed on May 27, 2015 was not timely, as it should have been filed one day earlier.[3]  Mother's "failure to comply with the rules governing appeals preclude[d] the exercise of jurisdiction by the circuit court over the [appeal]."  Blevins, 61 Va. App. at 101, 733 S.E.2d at 678.  We thus find the circuit court erred in not dismissing the appeal of the JDR court order that required mother to pay current support to father.  See Congdon v. Commonwealth, 57 Va. App. 692, 695-96, 705 S.E.2d 526, 528 (2011) (untimely appeal from JDR court to circuit court results in dismissal of appeal).  We further find the untimely filing of the appeal of the current support order undermined the appeal of the arrearage order and thus the circuit court also erred in not dismissing that appeal.

Reversed.

---

[3] The JDR court entered the orders on Thursday, May 14, 2015.  Ten days from that date was Sunday, May 24, 2015, and Monday, May 25, 2015 was a legal holiday, making Tuesday, May 26, 2015 the last day to note an appeal.