UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Huff, AtLee and Malveaux
Argued at Fredericksburg, Virginia

CRAIG BROWN AND
 BONNIE BROWN

MEMORANDUM OPINION[*] BY
v.      Record No. 0528-19-4           JUDGE RICHARD Y. ATLEE, JR.
                                           JANUARY 14, 2020
PRINCE WILLIAM COUNTY DEPARTMENT
 OF SOCIAL SERVICES

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Steven S. Smith, Judge

Craig A. Brown (The Law Office of Craig A. Brown, PLLC, on
briefs), for appellants.

Jamie E. Meletis, Assistant County Attorney, for appellee.

Lori V. Battistoni (Law Office of Lori V. Battistoni PLLC, on
brief), Guardian *ad litem* for the infant child.

Craig and Bonnie Brown ("appellants") appeal the decision of the Prince William County

Circuit Court dismissing their appeal as untimely. Appellants argue that the circuit court erred in

determining that the September 20, 2018 order was final for purposes of appeal and in dismissing

the appeal for lack of jurisdiction. We disagree and affirm the decision of the circuit court.

I. BACKGROUND

On July 1, 2017, the guardian *ad litem* for appellants' minor child filed a petition to have

the minor child declared a child in need of services under Code § 16.1-278.4, the Child in Need

of Services ("CHINS") statute. The juvenile and domestic relations district court ("JDR court")

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

entered an order, by agreement of the parties, declaring the minor child a child in need of services. The same order set out the services the minor child was to receive.[1]

On August 27, 2018, the guardian *ad litem* filed a motion, within the CHINS case, to place the Prince William County Department of Social Service ("DSS") on notice of a possible transfer of custody of appellants' minor child. The JDR court granted the motion to put DSS on notice, and it conducted a hearing on the custody issue.

On September 20, 2018, following the hearing, the JDR court entered an order (the "September 20, 2018 order") transferring custody of the minor child to DSS pursuant to subsection 6 of the CHINS statute. The September 20, 2018 order provided that certain services set out in the original CHINS order would continue. Additionally, the order set a foster care review hearing for November 15, 2018.

DSS submitted a foster care plan as required by Code § 16.2-281. Following the November 15, 2018 hearing, the JDR court entered an order approving the foster care plan. The order was a form order titled "Dispositional Order for Underlying Petition, Foster Care Plan." The order identified the underlying petition as the CHINS case and included the CHINS case number. It also listed a new case number for the foster care plan.

On November 26, 2018, appellants filed a notice of appeal to the circuit court appealing both the CHINS issue and the initial foster care plan.

---

[1] The record in this case is sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record for purposes of resolving the issues raised by appellants. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017).

The minor child's counsel[2] filed a motion for summary judgment to dismiss the appeal. The guardian *ad litem* filed a separate motion to dismiss the CHINS appeal. Both motions argued that the appeal in the CHINS case was untimely because the September 20, 2018 order was final for purposes of appeal and the notice of appeal was not filed within ten days of that order as required. Appellants argued that the November 15, 2018 order approving the foster care plan was the final order for both issues, and thus their notice of appeal was timely filed.

The circuit court concluded that the September 20, 2018 order was final for purposes of appeal of the CHINS matter. Thus, appellants' appeal was untimely and the circuit court was without jurisdiction over the CHINS case. The circuit court dismissed the portion of the appeal relating to the CHINS issue. Appellants now appeal to this Court.

## II. ANALYSIS

Appellants argue that the September 20, 2018 order was not a final order for purposes of appeal and thus their notice of appeal was timely filed.[3] Therefore, they argue that the trial court erred in finding it lacked jurisdiction and dismissing the case.

"This case presents issues of law, which we review *de novo*." Blevins v. Prince William Cty. Dep't of Social Services, 61 Va. App. 94, 97 (2012).

---

[2] The minor child was represented by her own counsel and by a guardian *ad litem* appointed by the court.

[3] DSS argues that appellants failed to file a transcript or written statement of facts as required by Rule 5A:8. Because we determine a transcript or written statement of facts is not necessary to the resolution of the issues on appeal, appellants did not waive their assignments of error.

DSS also argues that appellants failed to comply with Rule 5A:25(c), which requires an appellant to file an appendix containing documents, including "any memorandum" and "other incidents of the case germane to the assignments of error." Appellants failed to include the original pleading in the JDR court and certain exhibits attached to memoranda filed in the court below. Nonetheless, we conclude that those documents are not essential to resolve the issues on appeal. Moreover, "according to Rule 5A:25(h), this Court 'may' consider parts of the record other than the appendix when ruling on the merits of an appeal." Tjan v. Commonwealth, 46 Va. App. 698, 703 n.2 (2005).

"Virginia law generally restricts appellate review to final orders and restricts appellate review of interlocutory orders." Id. at 98. Generally speaking, "[a] final order is one which disposes of the whole subject, gives all the relief contemplated . . . and leaves nothing to be done in the cause save to superintend ministerially the execution of the order." Minor v. Commonwealth, 66 Va. App. 728, 740 (2016) (quoting Daniels v. Truck Equip. Corp., 205 Va. 579, 585 (1964)). This principle is supported by many sound reasons. For example, "[t]he party complaining of a particular ruling may prevail at trial, thus obviating the need to take an appeal." Blevins, 61 Va. App. at 98. Furthermore, interlocutory appeals are "disruptive, time-consuming, and expensive." Id. (quoting de Haan v. de Haan, 54 Va. App. 428, 441 (2009)).

Cases involving children, however, are unique, and it is often difficult to determine whether an order is final for purposes of appeal. Statutes involving children often require ongoing review. See, e.g., Code § 16.1-278.2(A)(3) (A dispositional order that "prohibit[s] or limit[s] contact . . . between the child and his parent" must be reviewed "within 150 days."); Code § 16.1-281(F) (requiring review of a foster care plan every four or twelve months depending on the provision under which the order is entered).

Because of these unique circumstances, the General Assembly has, in some cases, departed from the general rule. In some statutes, the General Assembly has included provisions determining that an order that is not "final" under the general rule, is considered final for purposes of appeal. See, e.g., Code § 16.1-278.2(D) ("A dispositional order entered pursuant to this section is a final order from which an appeal may be taken in accordance with § 16.1-296."). The General Assembly has not included such a provision in the CHINS statute. Thus, the September 20, 2018 order is a final order only if it complies with the general rule.

We conclude that the September 20, 2018 order was a final order for purposes of appealing the CHINS case. The original petition asked for a CHINS adjudication and for

- 4 -

services to be provided to the minor child. The trial court granted those requests. Though there were a number of previous dispositional orders in the CHINS case and services were ongoing, the September 20, 2018 order made a final disposition when it transferred custody of the child to DSS. This was the paramount event in the CHINS case. Unlike in other statutes, such as Code § 16.1-278.2, the CHINS statute, and more specifically Code § 16.1-278.4(6), the provision under which custody was transferred, does not require further review or action by the trial court. Consequently, the September 20, 2018 order "dispose[d] of the whole subject" and gave "all the relief contemplated." Minor, 66 Va. App. at 740. Although there was a subsequent hearing to approve the foster care plan, it was conducted under a different statute and a different case number, and it was not part of the underlying CHINS case. Thus, the September 20, 2018 order was final with respect to the CHINS petition.

We limit our holding to the specific facts of this case. We recognize that other dispositional orders were entered in the CHINS case, and we make no findings as to whether those orders were final for purposes of appeal. We recognize the difficulty in determining which orders under the CHINS statute are final orders. The General Assembly could resolve this issue by including language that allowed appeals from all dispositional orders under the CHINS statute, as it has done in other code sections. See, e.g., Code § 16.1-278.2(D). But it has not done so. Therefore, we must look at this case individually.

We hold that the September 20, 2018 order was a final order for purposes of appeal. Appellants had ten days to note their appeal. Appellants filed their notice of appeal on November 26, 2018. Therefore, it was not timely filed and the circuit court did not err in determining it did not have jurisdiction over the CHINS appeal.

## III. CONCLUSION

For the foregoing reasons, we affirm the decision of the trial court.

Affirmed.