COURT OF APPEALS OF VIRGINIA

Present: Judges Chaney, Callins and Senior Judge Petty

CHARLES DARRELL PARKER, JR.

v.      Record No. 1138-21-3

ROANOKE CITY DEPARTMENT
  OF SOCIAL SERVICES

ROBIN ANN STEELE-PARKER

v.      Record No. 1253-21-3

ROANOKE CITY DEPARTMENT
  OF SOCIAL SERVICES

MEMORANDUM OPINION[*] BY
JUDGE DOMINIQUE A. CALLINS
NOVEMBER 9, 2022

FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Onzlee Ware, Judge

(Christian A. Persinger; Steidle Law Firm, on brief), for appellant
Charles Darrell Parker, Jr.[1]  Appellant submitting on brief.

(James P. Cargill, on brief), for appellant Robin Ann Steele-Parker.
Appellant submitting on brief.

(Timothy R. Spencer, City Attorney; Jennifer L. Crook, Assistant
City Attorney; Sarah Jane Newton, Guardian *ad litem* for the minor
children, on brief), for appellee.  Appellee and Guardian *ad litem*
submitting on brief.

Charles Darrell Parker, Jr. (father) and Robin Ann Steele-Parker (mother) appeal the

judgment of the circuit court finding that their minor children, K.P., V.P., and Z.P., were abused or

neglected and granting emergency removal by the Roanoke City Department of Social Services

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] This case was decided without oral argument because the parties elected to waive oral
argument under Rules 5A:20(h) and 5A:21(h).

UNPUBLISHED

("Department" or "DSS") from their custody.  Because the circuit court did not enter a

dispositional order in accordance with Code § 16.1-278.2, we lack jurisdiction to hear this

appeal.

## BACKGROUND[2]

On April 23, 2020, one day after taking custody of the parents' three minor children, DSS

petitioned the Roanoke City Juvenile and Domestic Relations District Court (JDR court) for the

emergency removal of the children under Code § 16.1-251.  In its supporting affidavit, DSS alleged

"non-accidental trauma [to Z.P.], ongoing hostility and aggression by the parents, lack of

cooperation by the parents," the parents' previous involvement with Child Protective Services, and

domestic violence allegations against the parents.  The same day, the JDR court entered an

emergency removal order for each of the three children, awarding temporary legal custody to DSS

and setting a preliminary removal hearing for April 30, 2020.

At the preliminary removal hearing, the JDR court entered a preliminary removal order

under Code § 16.1-252, granting DSS temporary custody and awarding the parents supervised

visitation.  The JDR court also set the matters on separate dates for both adjudicatory and

dispositional hearings, respectively.  On May 14, 2020, the JDR court adjudicated the children

abused or neglected under Code § 16.1-228, and on June 29, 2020, it entered dispositional orders

transferring custody to DSS pursuant to Code § 16.1-278.2, including approving foster care plans

with a goal of "Return Home."  Both mother and father appealed to the circuit court all JDR orders,

---

[2] The record here was sealed.  Nevertheless, the appeals require unsealing relevant portions of the record to resolve the issues the parents have raised.  Evidence and factual findings below necessary to address the assignments of error are in this opinion.  Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case.  The remainder of the previously sealed record remains sealed."  *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

including those adjudicating the children abused or neglected and those entered pursuant to Code § 16.1-278.2 and making an initial foster care placement.

After substantial delay due to several preliminary procedural matters, on July 22, 2021, the circuit court held an evidentiary hearing on the de novo appeals. At the conclusion of the evidence, the court directed the parties to submit their closing arguments in writing. Following submission of the closing arguments, the circuit court entered an order on August 26, 2021. In its order, the circuit court denied the respective motions to strike[3] of mother and father and granted the Department's request for emergency removal. The sum of the court's rulings was stated in the order as follows:

> The Court thus finds that DSS has proven, by a preponderance of the evidence, that the children are abused or neglected under Code § 16.1-228. The evidence before the Court shows severe physical injuries to [Z.P.] and the substantial risk of death, disfigurement or impairment of bodily or mental functions for [V.P.] and [K.P.]. Therefore, upon consideration of the argument, motions, and briefs it is hereby ADJUDGED and ORDERED that:
>
> 1. Mr. Parker and Ms. Steele-Parker's Motions to Strike are **DENIED**.
>
> 2. [K.P.], [V.P.], and [Z.P.] are adjudged abused or neglected. DSS's request for Emergency Removal is **GRANTED**.
>
>    The children are ordered to remain in their foster care placements.

The order also stated that the matter was stricken from the court's "active docket" and remanded to the JDR court. It is from this order that mother and father appeal.[4]

---

[3] Nothing in the record provides the substance of these motions. Yet, for the reasons stated herein, this deficiency in the record is not pertinent to our decision.

[4] Mother and father filed independent notices of appeal, but jointly moved this Court to consolidate their appeals. We granted their motion to consolidate by order entered on December 9, 2021. For these reasons, we consider these matters together.

ANALYSIS

The parents argue that the circuit court erred by finding that the children were abused or neglected and by finding that the evidence was sufficient to remove the children from the parents' home pursuant to Code § 16.1-251. The parents also argue that the Department failed to make reasonable efforts to avoid the emergency removal of the children.

Although neither party raises the issue, before considering the merits of an appeal, we must first establish that we have jurisdiction to hear the appeal. *Comcast of Chesterfield Cnty., Inc. v. Bd. of Supervisors of Chesterfield Cnty.*, 277 Va. 293, 299 (2009); *see also Chaplain v. Chaplain*, 54 Va. App. 762, 767 (2009) ("The issue of subject matter jurisdiction may be raised *sua sponte* by the Court." (citation omitted)). This Court, by statute, is one of limited jurisdiction. We have appellate jurisdiction, with limited exception, over "any final judgment, order, or decree of a circuit court in a civil matter." Code § 17.1-405(3).[5] This includes jurisdiction over final domestic relations orders entered under Titles 16.1 and 20. *See Wells v. Wells*, 29 Va. App. 82, 86 (1999). As a general matter, a final judgment or order "is one which disposes of the entire action and leaves nothing to be done except the ministerial superintendence of execution of the judgment." *Super Fresh Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 560 (2002).

Matters concerning the safety, welfare and custodial placement of minor children involve complex and nuanced proceedings the navigation of which is embosomed in statute. Code § 16.1-251, which governs emergency removal orders, allows for a child's immediate custody placement when it is alleged that the child is abused or neglected. The plain language of the statute anticipates an immediate but temporary action. Within no later than five business days

---

[5] This statute was most recently amended effective July 1, 2022. 2022 Va. Acts ch. 714. When the parties noted this appeal, Code § 17.1-405 stated in relevant part, "Any aggrieved party may appeal to the Court of Appeals from . . . [a]ny final judgment, order or decree of a circuit court involving . . . [t]he control or *disposition* of a child." Code § 17.1-403(3)(e) (emphasis added).

- 4 -

after entry of the emergency removal order, a trial court must hold another temporary placement hearing—a preliminary removal hearing. Code § 16.1-251(B); s*ee also* Code § 16.1-252(A) ("The hearing shall be in the nature of a preliminary hearing rather than a final determination of custody."). At the end of the hearing, "the court shall determine whether the allegations of abuse or neglect have been proven by a preponderance of the evidence." Code § 16.1-252(G). Yet if there is an appropriate objection to a court rendering a finding during the same hearing, the trial court must docket an adjudicatory hearing on another date within thirty days of the preliminary removal hearing. *Id.* Regardless of objection, where a trial court enters a preliminary removal order finding a child abused or neglected and directs the child removed from the child's home, "a dispositional hearing shall be held pursuant to § 16.1-278.2." Code § 16.1-252(H).

Code § 16.1-278.2 states that the dispositional hearing must be held within sixty days of a preliminary removal hearing, though nothing in the statute precludes a hearing being held simultaneous with or on the same day as the adjudicatory hearing.

> At a dispositional hearing, under Code § 16.1-278.2, the court may (1) enter an order under Code § 16.1-278 and order that services be provided for the child; (2) permit the child to remain with his parent, subject to conditions and limitations the court may order with respect to the child, his parent, or another adult who occupies the same dwelling; (3) prohibit or limit the contact between the child and his parent or other adult occupant of the same dwelling; (4) permit the local board of social services or other agency to place the child in a suitable home or facility; (5) transfer custody to a relative, a child welfare agency, private organization or licensed facility, or to the local board of social services; (6) transfer legal custody and order the parent to participate in services or programs or refrain from certain conduct; or (7) terminate the rights of the parent.

*Blevins v. Prince William Cnty. Dep't of Soc. Servs.*, 61 Va. App. 94, 99 (2012). Subsection D states that an order entered pursuant to this statute is a final, appealable order.[6]

---

[6] Our dissenting colleague argues that our analysis turns on an errant interpretation of subsection D, and instead contends that a dispositional order "entered pursuant to" Code

- 5 -

We have recognized that although "a dispositional order is not a 'final order' in the conventional sense of the term, *i.e.* one that 'disposes of the whole subject' and 'leaves nothing to be done,' because Code § 16.1-278.2 contemplates the possibility of further review," it is still a final order for appeal purposes.[7]  *Id.* at 98; *see also* Code § 16.1-296(A) ("[O]rders entered pursuant to § 16.1-278.2 are final orders from which an appeal may be taken.").  But to constitute an appealable order, a final order must be one entered pursuant to Code § 16.1-278.2.

§ 16.1-278.2 must be appealed "in accordance with § 16.1-296."  Ostensibly, our colleague's position is that because Code § 16.1-296(A) authorizes de novo review from a JDR court to a circuit court, this context should color our interpretation of Code § 16.1-278.2(D).  We respectfully disagree.  It is Code § 16.1-278.2 that serves as context for Code § 16.1-296(A), as much as it clarifies what qualifies as an appealable order to the circuit court.  Yet Code § 16.1-278.2 binds JDR courts *and* circuit courts regarding dispositional orders.  *See* § 16.1-278.2(A) ("[T]he juvenile court or the circuit court may make any of the following orders of disposition to protect the welfare of the child.").  And, as Code § 16.1-296 governs the way appeals taken pursuant to Title 16.1 may proceed, the language of Code § 16.1-278.2(D) extends to orders appealed *from* the circuit court.  *See* Code § 16.1-296(I) ("In all cases on appeal, the circuit court in the disposition of such cases shall have all the powers and authority granted by [Title 16.1] to the juvenile and domestic relations district court."); *see also Fairfax Cnty. Dep't of Fam. Servs. v. D.N.*, 29 Va. App. 400, 405 (1999) ("[T]he jurisdiction of the appellate court in such matters is the same as that of the court in which the action was originally instituted." (quoting *Addison v. Salyer*, 185 Va. 644, 651 (1946))).  To hold otherwise is to hold that the circuit court is exempt from complying with Code § 16.1-278.2.

[7] Our dissenting colleague is technically correct in stating that the order entered by the circuit court disposed of the matter before it.  Indeed, the circuit court struck the matter from its docket and remanded it back to the JDR court.  But this does not, as our colleague concludes, render the circuit court's last order a *final*, *appealable* order as the order does not properly dispose of the matter before the circuit court.  Code § 17.1-405(3) does not set the bounds of what constitutes an appealable order, but rather defines this Court's subject matter jurisdiction.  When such jurisdiction is invoked, we heed the imperative of Code § 16.1-278.2 that only "[a] dispositional order entered *pursuant to this section* is a final order from which an appeal may be taken in accordance with § 16.1-296."  Code § 16.1-278.2(D) (emphasis added).  *See also Byrd v. Petersburg Dep't of Soc. Servs.*, No. 0782-15-2, slip op. at 3 (Va. Ct. App. July 19, 2016) (finding that this Court was without the jurisdiction to review an "adjudicatory" circuit court order which, despite displacing a previous preliminary removal of the JDR decision, failed to comply with the formal *dispositional* requirements provided in Code § 16.1-278.2(A)).  "A cardinal rule of statutory interpretation is that '[w]hen one statute addresses a subject in a general manner and another addresses a part of the same subject in a more specific manner, the two statutes should be harmonized, if possible, and when they conflict, the more specific statute prevails." *Lynchburg Div. of Soc. Servs. v. Cook*, 276 Va. 465, 481 (2008) (alteration in original) (quoting *Alliance to Save the Mattaponi v. Commonwealth*, 270 Va. 423, 439-40 (2005)).

And for an order to have been entered *pursuant* to the statute, the order must comply with the statute. That is, to be an appealable order, the order must be a dispositional order. To be a dispositional order, the order must satisfy the requirements of Code § 16.1-278.2(A).[8]

Here, the order entered by the circuit court on August 26, 2021, was not a dispositional order. The order adjudicates de novo a finding of abuse or neglect, grants de novo the request of DSS for emergency removal, and also states that "[t]he children are ordered to remain in their foster care placements." This last ruling about the children's placement effectively affirms and continues the JDR court order; it does not render a de novo disposition.[9] Code § 16.1-278.2(A) requires that a trial court affirmatively act in one of the ways specified within the statute. The statement of facts submitted to the circuit court and endorsed by the circuit court judge does not reflect that the parents, the GAL or DSS introduced evidence on the disposition issue. Assuming without deciding that such evidence was presented and considered, we still hold that the circuit court's order that the children "remain in their foster care placements" falls short of the statutory requirement that a trial court make a disposition at the end of a dispositional hearing. [10] Because the

---

[8] Our holding here neither substantively nor effectively limits this Court's jurisdiction to circuit court orders that are correct, thereby barring review of erroneous orders. To the contrary, the circuit court here did err in failing to render its order appealable by making a disposition consistent with Code § 16.1-278.2.

[9] It is axiomatic that on de novo appeal, the circuit court must proceed "*as though the case had been originally brought there*." *Mahoney v. Mahoney*, 34 Va. App. 63, 66 (2000) (*en banc*). Where nothing in the record supports that the circuit court made an independent finding in accordance with Code § 16.1-278.2 that the children's "foster care placements" were appropriate, the circuit court merely affirmed the ruling of the JDR court. *See Fairfax Cnty. Dep't of Fam. Servs.*, 29 Va. App. at 406 ("A *de novo* hearing means a *trial anew*, with the burden of proof remaining upon the party with whom it rested in the juvenile court." (quoting *Parish v. Spaulding*, 20 Va. App. 130, 132 (1995))).

[10] My concurring colleague would go further and hold that the circuit court failed to conduct the requisite dispositional hearing. This is an unnecessary postulation as, regardless, the order is not a dispositional order and therefore we do not have jurisdiction to consider the matter further. "[A]n appellate court decides cases 'on the best and narrowest ground available.'. . . Coupled with these principles of judicial prudence is the proposition that an appellate court may

- 7 -

circuit court did not make a disposition pursuant to Code § 16.1-278.2, the order is not a

dispositional order, and therefore not an appealable order.  Thus, this Court does not have

jurisdiction to hear these appeals.

CONCLUSION

For these reasons, we hold that we lack jurisdiction to consider the merits of these appeals.

We dismiss the appeals and remand to the circuit court to make a disposition pursuant to Code

§ 16.1-278.2, from which further appeal may be taken as a party deems appropriate.[11]

*Dismissed and remanded.*

---

structure a decision on an 'assuming but not deciding' basis." *Podracky v. Commonwealth*, 52
Va. App. 130, 134 (2008) (alterations in original) (quoting *Luginbyhl v. Commonwealth*, 48
Va. App. 58, 64 (2006)).

[11] Our decision to dismiss with remand is a considered one, undertaken for the express
purpose of ensuring that neither parent is left without recourse.

Chaney, J., concurring in part, and concurring in the judgment.

I concur with the holding that this Court lacks jurisdiction to consider the merits of these consolidated appeals. I also concur with the conclusions that "the circuit court did not enter a dispositional order in accordance with Code § 16.1-278.2" and that the appealed circuit court order "does not render a de novo disposition." I also join the decision to dismiss the appeals and remand the cases to the circuit court for further necessary proceedings.

I write separately because, in contrast with my colleague in the majority, I conclude that this Court lacks jurisdiction over these appeals because (1) the order appealed from is not final in the conventional sense nor deemed final by statute, *see* Code § 17.1-405 (limiting this Court's jurisdiction in any civil child abuse or neglect case to an appeal from a "final judgment, order, or decree of a circuit court"),[12] and (2) the circuit court failed to hold a *de novo* dispositional hearing— a mandatory statutory precondition to the trial court's power to enter a final dispositional order. *See* Code § 16.1-278.2(A) ("[A] dispositional hearing *shall be held* if the court found abuse or neglect and . . . removed the child from his home . . . ." (emphasis added)).

The August 2021 order appealed from the circuit court is not a final order because it merely recorded the circuit court's finding that the children were abused or neglected and granted DSS's petitions for emergency removal pursuant to Code § 16.1-251. In granting the emergency removal petitions, the August 2021 order continued the children's prior placement in foster care by the JDR

---

[12] When these appeals were noted in September 2021, Code § 17.1-405(3)(e) provided that "[a]ny aggrieved party may appeal to the Court of Appeals from . . . [a]ny final judgment, order, or decree of a circuit court involving . . . [t]he control or disposition of a child."

court.[13]  After entering the August 2021 order adjudicating the children abused or neglected and authorizing their removal from their home, the circuit court was statutorily mandated to hold a *de novo* dispositional hearing and enter a *de novo* dispositional order with a disposition for each child.  *See* Code § 16.1-278.2(A) (mandating a dispositional hearing where the court finds a child to be abused or neglected and orders the child's removal from the home); *see also* Code § 16.1-296(A) (providing that any appeal to the circuit court from a final order of the JDR court "shall be heard de novo.").  Because the circuit court has yet to hold a mandatory dispositional hearing and enter a dispositional order for each child, I disagree with my colleagues' conclusions that "the order entered by the circuit court disposed of the whole matter before it."[14]

Until and unless the circuit court holds a *de novo* dispositional hearing and enters a *de novo* dispositional order with a disposition related to each child, this Court does not have jurisdiction over appeals in these cases.  This Court has recognized that a dispositional order in a civil child abuse or

---

[13] The circuit court's order also purports to remand the matter to the JDR court and to strike the matter from its active docket.  But the order is void *ab initio* because the circuit court lacked the power to enter the order before entering a final judgment.  Code § 16.1-297 only authorizes such a remand to the JDR court "[u]pon the rendition of final judgment upon an appeal from the juvenile and domestic relations district court."  Code § 16.1-297 mandates that the trial court render final judgment as a necessary precondition to having the authority to remand a child abuse-or-neglect matter to the JDR court for supervision under the terms of its final order and judgment.  Here, the circuit court's unauthorized order remanding the cases to the JDR court without rendering a final judgment is void *ab initio* because the circuit court is adopting a mode of procedure that it cannot lawfully adopt and making a judgment the court had no power to render.  *See Collins v. Shepherd*, 274 Va. 390, 402 (2007) ("An order is void ab initio, rather than merely voidable, if 'the character of the judgment was not such as the court had the power to render, or because the mode of procedure employed by the court was such as it might not lawfully adopt.'" (quoting *Evans v. Smyth-Wythe Airport Comm'n*, 255 Va. 69, 73 (1998))); *Burrell v. Commonwealth*, 283 Va. 474, 480 (2012); *Rawls v. Commonwealth*, 278 Va. 213, 221 (2009); *Anthony v. Kasey*, 83 Va. 338, 340 (1887).
    The circuit court's void *ab initio* order remanding the matter to the JDR court and striking the matter from its docket did not fully dispose of the appeal from the JDR court because "a void judgment[ ] . . . is no judgment at all.  It is a mere nullity."  *Gray v. Stuart*, 74 Va. 351, 358 (1880); *see also Singh v. Mooney*, 261 Va. 48, 52 (2001).

[14] My colleague in the majority contends that our dissenting colleague is "technically correct" in stating that the circuit court "fully disposed of the appeal from the JDR court."

neglect case is not a final order in the conventional sense, i.e., "one which disposes of the whole subject, gives all the relief contemplated . . . and leaves nothing to be done in the cause save to superintend ministerially the execution of the order." *Blevins v. Prince William Cnty. Dep't of Soc. Servs.*, 61 Va. App. 94, 98 (2012) (alteration in original) (quoting *James v. James*, 263 Va. 474, 481 (2002)). However, the General Assembly has deemed dispositional orders to be final, appealable orders. *See* Code § 16.1-296(A) ("[O]rders entered pursuant to § 16.1-278.2 are final orders from which an appeal may be taken."); Code § 16.1-278.2(D) ("A dispositional order entered pursuant to this section is a final order from which an appeal may be taken in accordance with § 16.1-296."). The General Assembly has also conditioned the circuit court's authority to order a disposition for an abused or neglected child on the circuit court's holding a dispositional hearing to consider dispositional alternatives and decide upon a disposition to protect the welfare of each child.[15] *See* Code §§ 16.1-278.2(A), -296(A). Thus, where a circuit court enters a dispositional order without holding a *de novo* dispositional hearing, the circuit court employs a mode of procedure that it may not lawfully adopt, rendering the dispositional order void *ab initio*. *See Collins v. Shepherd*, 274 Va. 390, 402 (2007) (holding that an order is void *ab initio* where "the character of the judgment was not such as the court had the power to render, or because the mode of procedure employed by the court was such as it might not lawfully adopt" (quoting *Evans v. Smyth-Wythe Airport Comm'n*, 255 Va. 69, 73 (1998))).

Here, the record does not support a finding that the circuit court complied with the statutory mandate in Code § 16.1-278.2(A) to hold a *de novo* dispositional hearing. The circuit court's August 2021 order and the written statement of facts endorsed by the circuit court recite, as the record, the circuit court proceedings. According to this record, the circuit court held a bench trial

---

[15] The circuit court is authorized to order any of the dispositional alternatives set forth in Code § 16.1-278.2(A).

- 11 -

that addressed only the issues of abuse or neglect and emergency removal. At the trial, the circuit court determined that DSS proved, by a preponderance of the evidence, that the children were abused or neglected under Code § 16.1-228. At the conclusion of the trial, the circuit court granted DSS's petitions for emergency removal of the children. The trial adjudicating DSS's abuse or neglect allegations was the only proceeding held in the circuit court. This proceeding did not include a dispositional hearing because the circuit court did not consider and decide upon a disposition to protect the welfare of each child after their emergency placement.

After the trial in the circuit court, the parents appealed the circuit court's non-final order to this Court. Because our jurisdiction in child abuse or neglect cases is limited to appeals of final orders, this Court has no jurisdiction over these appeals. *See* Code § 17.1-405; *see also Byrd v. Petersburg Dep't of Soc. Servs.*, No. 0782-15-2, slip op. at 5-7 (Va. Ct. App. July 19, 2016) (dismissing appeal upon holding that this Court had no jurisdiction where the circuit court entered non-final adjudicatory orders and failed to hold a *de novo* dispositional hearing and enter *de novo* dispositional orders pursuant to Code § 16.1-278.2). Therefore, this Court properly dismisses the appeals and remands the cases to the circuit court for further necessary proceedings.[16]

---

[16] As in *Byrd*, this dismissal is without prejudice for any party to file an appeal after the circuit court has entered a final, appealable order. *See Byrd*, slip op. at 7 n.4. As in *Byrd*, it is expected that "[a]s mandated by statute, a dispositional hearing will occur in this case. Once a dispositional order is entered, [the parents] ha[ve] every right to appeal . . . to this Court . . . ." *Id.*

- 12 -

Petty, S.J., dissenting.

The order of the Circuit Court for the City of Roanoke from which these appeals were taken disposed of the entire action before that court and left nothing further for that court to do. Thus, it is a final order, and we have jurisdiction to decide these appeals. For this reason, I dissent from the majority opinion.

The three children of Charles Parker and Robin Ann Steele-Parker were removed from the home by the Roanoke City Department of Social Services (DSS) due to allegations of abuse or neglect. After several preliminary hearings, and after making the findings required by the statute, the Roanoke City Juvenile and Domestic Relations District Court (JDR court) entered dispositional orders pursuant to Code § 16.1-278.2 on June 29, 2020. In those orders the JDR court transferred custody of the children to DSS and scheduled a foster care review hearing for October 29, 2020. Although the orders entered by the JDR court pursuant to Code § 16.1-278.2 were nominally interlocutory in nature, subsection (D) of that statute provides that such orders are final orders from which an appeal may be taken in accordance with Code § 16.1-296. Code § 16.1-296(A) allows for the appeal of a dispositional order to the circuit court to be heard de novo. Neither statute speaks to an appeal of a dispositional order from the circuit court to this Court.[17]

Parker and Steele-Parker availed themselves of their statutory right to appeal the dispositional orders of the JDR court, and a trial de novo was held in the circuit court on July 22, 2021. On August 26, 2021, the circuit court entered a final order finding that the children were abused or neglected, granting DSS's request for emergency removal, and ordering that the children remain in their foster care placements. Furthermore, the order remanded the matter back to the JDR court and struck the matter from the court's active docket. It is from that order that Parker and

---

[17] Code § 16.1-296(D) addresses an appeal to this Court of an order terminating parental rights pursuant to Code § 16.1-283. That subsection is not involved in this appeal.

- 13-

Steele-Parker noted their appeals to this Court invoking our jurisdiction pursuant to Code § 17.1-405(3)(e).[18]

The majority correctly notes that a final judgment or order "is one which disposes of the entire action and leaves nothing to be done except the ministerial superintendence of execution of the judgment." *Super Fresh Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 560 (2002). In finding that the circuit court order fails to do so, I believe that the majority errs in two respects.

First, the majority erroneously relies upon the language of Code § 16.1-278.2(D) in its conclusion that only an otherwise proper dispositional order can be appealed to this Court. That subsection states, "[a] dispositional order entered pursuant to this section is a final order from which an appeal may be taken in accordance with Code § 16.1-296." Contrary to the majority's analysis, however, Code § 16.1-296 only permits an appeal from the JDR court to the circuit court.

> From any final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction, an appeal may be taken to the circuit court within 10 days from the entry of a final judgment, order or conviction and shall be heard de novo.

Code § 16.1-296(A).

Accordingly, I do not believe that either Code § 16.1-278.2(D) or Code § 16.1-296(A) have anything to do with this appeal. The only question before us is whether the order entered by the circuit court disposed of the entire action before it.

And this is where I see the second error in the majority's analysis. The majority argues that to constitute an appealable order, "the order must be a dispositional order" and that "[t]o be a

---

[18] That statute, as it existed at the time of these appeals, provided that "[a]ny aggrieved party may appeal to the Court of Appeals from . . . [a]ny final judgment, order, or decree of a circuit court involving . . . [t]he control or disposition of a child." Code § 17.1-405(3)(e) (2020 Repl. Vol.).

dispositional order, the order must satisfy the requirements of Code § 16.1-278.2(A)." That simply cannot be correct. It would mean that the order is appealable to this Court only if the circuit court got it right. Errors that fail to satisfy the requirements of the statute would be immune from appellate review. For purposes of determining the finality of the circuit court's order, and thus our jurisdiction, I believe we ignore the findings and holdings it recites and look only to whether it fully disposed of the appeal from the JDR court. This order, whether correct or not, did exactly that. Simply put, there is nothing further the circuit court was authorized to do regarding the appeal. Thus, I believe it is a final order over which we have jurisdiction, and we should decide this case on the merits.

For all these reasons, I would proceed to decide these appeals on the merits. Accordingly, I dissent from the majority opinion.